# SUPREME COURT OF TEXAS.

## GALVESTON, 1858.

---

### EXUM LUTER v. JOHN W. ROSE.

Where a judgment creditor assented to a conveyance by the judgment debtor, of certain land embraced by the lien of the judgment, to a trustee to pay certain debts, among which was his own, and attended the sale under said deed of trust, making no objection thereto, but favoring the sale, it was held that he was estopped from contesting the validity of the trust, or asserting the lien of his judgment, against the purchaser at the trust sale; and such judgment creditor having afterwards purchased the same land, under execution on his judgment, and sold it to another, who had notice of the previous sale, it was held that the last purchaser was in no better condition than his vendor.

There is no error in excluding evidence of the declarations of the purchaser at the sale under the deed of trust. Such evidence could not be received to impeach the title of his vendee, (the defendant,) who is not shown to have had notice of them.

Appeal from Victoria. Tried below before the Hon. Fielding Jones.

Suit by appellant, Exum Luter, against appellee, John W. Rose, for partition of certain land, commenced August 29th, 1853. The land had been community property of Philip De Witt, deceased, and his wife Maria, who survived said Philip. On the 6th of April, 1844, one Thomas Newcomb recovered a judgment against said Maria, for $80 30, in the District Court of Victoria county, in which county this land lay. At May Term, 1844, the County Court set aside a certain league of land (the land in controversy) for the support of the said Maria and her minor children, one undivided half thereof for the said Maria, and the

other half for the children, and at same time ordered the one-half of said league, which was for the support of the children, to be sold by their guardian, W. W. T. Smith. On the first day of June, following, said Maria conveyed the said undivided half league, set apart for her support, to W. W. T. Smith, to sell the same at public or private sale, to pay certain debts of the said Maria, among which was the said judgment of Thomas Newcomb, whensoever and wheresoever the said trustee should consider most for the benefit of the said creditors and for the advantage, at the same time, of the said Maria, on a credit or for cash as said trustee should think best as aforesaid for the parties concerned; but should the sale not be made within six months, then on the request of one or all of said creditors, or of the said Maria, said trustee should proceed to sell said property at public sale, after such notice as in the opinion of said trustee, shall be necessary, and on such terms of cash or credit as shall then to the said trustee seem best; the balance, after paying said debts, and the expenses of the trust, to be paid over to said Maria, or as she should direct. Recorded on the 27th June, 1844. On the 6th July, following, execution was issued on said judgment of Newcomb; but nothing was done under it. On the 3d of September, following, W. W. T. Smith, as trustee as aforesaid, "in consideration of a compliance with the terms of the sale and of the sum of one dollar to him in hand paid," conveyed said undivided half league of land to Jesse O. Wheeler. This deed was recorded September 30th, 1844. On the 3d of September, 1844, said W. W. T. Smith, as guardian of the minor children of Philip De Witt, deceased, and in pursuance of a sale made under the order of the Probate Court, above mentioned, conveyed the other undivided half of said league of land to Jesse O. Wheeler. On the 14th of October, following, alias execution issued on the judgment of said Newcomb; was levied on the said undivided half league of land set apart for the support of said Maria; and said land was sold on the 5th of November, in pursuance of said levy; the said Thomas Newcomb being the purchaser at nine and a half cents per acre. On the same day, Newcomb sold and conveyed the said half league to the plaintiff, Exum Luter, for $150. On the 12th of September, 1851, Wheeler sold and conveyed the whole league to defendant John W. Rose, who was in possession thereof, when the suit was brought. Newcomb was dead; time of his death not stated.

The foregoing statement contains the undisputed facts of the case. The pleadings were general, and not important.

G. W. Palmer, a witness for defendant, testified that he had been very intimate with Newcomb; that Newcomb used to speak of his suit and claim against Mrs. De Witt, frequently; told witness that he thought he would have difficulty in getting it, but that he thought he would be able to get it out of the half league of land set apart to Mrs. De Witt by the County Court; said that Mrs. De Witt either was about to give or had given a deed of trust of that half league of land, by which he expected to get his money. Newcomb intimated to witness, that he had been instrumental in getting up the deed of trust; witness did not recollect what Newcomb said, exactly; it has been so long ago; but it was witness's impression at the time, that Newcomb had been instrumental in getting up the deed of trust; witness thought Newcomb intimated to him that he had been instrumental in getting up the deed of trust. On cross-examination, witness stated that he thought Newcomb told him, afterwards, that Wheeler was going to pay him the money. It seemed to witness that there was an injunction, which knocked the deed in the head, and that that was the reason why Newcomb did not get his money. Plaintiff asked the witness whether he had not heard Wheeler say that he had not complied with the terms of the trust sale, and that he had abandoned the same. Defendant objected that the question was irrelevant; the Court sustained the objection; and plaintiff excepted.

Defendant then called A. D. Beaty, who testified as follows: I was Deputy Sheriff in 1844. Mr. Smith employed me to sell the land. One portion was sold for the benefit of the children, and the other portion was sold for the benefit of the widow of Philip De Witt. Mr. Wheeler purchased at both sales. I think Mr. Newcomb was present at the sale. Mr. Newcomb made no objection to the sale, to my knowledge. Newcomb seemed anxious that the land should be sold. I don't recollect whether he encouraged the sale of the lands or not. It has been so long since the sale, that I cannot recollect the particular circumstances distinctly. I saw Newcomb and others talking a great deal at the time of the sale, but I did not know what they were talking about. I think Mr. Newcomb and Mr. Blair were speaking to Wheeler about buying the land. I do not recollect when Wheeler came up, whether he came before or after Mr. Newcomb. I think Newcomb and Blair wanted Wheeler to buy. I do not recollect

41

who were the bidders at the sale, but I know the land sold low; that there were not many bidders; and that I got very tired of crying the land for sale. To the best of my recollection, Newcomb expected to get his pay at that time, but afterwards Wheeler was enjoined and Newcomb did not get his money at that time. I sold the land twice, once as auctioneer, for Mr. Smith, when he had one-half sold as guardian, and the other half as trustee; and I afterwards sold the land a second time as Deputy Sheriff, under an execution in favor of Newcomb against Mrs. De Witt. I told Luter that he could lose nothing in buying from Newcomb, because if one sale was not good the other was, and that he would be safe either way, as the land belonged to Mrs. De Witt.

Cross-examined. I did not receive the cash for the sale of the land, when I sold it as auctioneer. I think there was a small portion of the purchase money to be paid in cash in one or the other of the sales, but do not recollect whether it was on the one made for Smith as guardian, or on the sale made for him as trustee. Both sales were made on the same day, and I do not recollect all the circumstances distinctly, as it was so long ago. I saw no money paid. I think the sales were on a credit. It strikes me that there was some money paid in one case, and that the rest was on a credit. I was not present when the deed from Smith to Wheeler was executed. I do not recollect what were the terms of the trust sale. Newcomb stated that he expected to get his pay from Wheeler. The reason why Newcomb did not get his pay from Wheeler, was because Wheeler was enjoined, and Newcomb then tried his execution. I told Newcomb that the only property upon which he could levy his execution was the land which the Probate Court had set apart to Mrs. De Witt. I also told Luter the same thing.

Plaintiff here asked the witness whether he had ever heard Wheeler say that he had abandoned his purchase under the trust sale, before the sale under execution took place. The defendant objected to the question, and the Court sustained the objection, and the plaintiff excepted to the ruling of the Court.

The defendant offered to read the petition enjoining J. O. Wheeler from paying the purchase money to Smith, and the decree in said suit dissolving the injunction and ordering payment, which was objected to by plaintiff's attorney, and objection sustained and excepted to by defendant's attorney.

Here followed said petition and decree. The decree was rendered on the 6th of September, 1849, confirming Wheeler's

Luter v. Rose.

title, and ordering payment of the purchase money by him and his sureties.

Here defendant closed, and plaintiff called A. S. Cunningham who testified that in the injunction suit of Mrs. De Witt against Smith and Wheeler, Newcomb testified that he had assented to the deed of trust, and expected to get his money from Wheeler; but that when he called on Wheeler for his money, Wheeler told him that the whole thing was knocked in the head.

The Court instructed the jury, at the request of defendant, as follows:—

1st. That if they find from the evidence, that Thomas Newcomb the plaintiff in the execution, either at the time of making the trust deed to Smith or at any time afterwards, assented to the terms of said deed or agreed to receive the payment of his debt from the proceeds of the land to be sold by the trustee, Smith, they will find for the defendant.

2d. If the jury find from the testimony, that Thomas Newcomb was present at the time the land was sold by the trustee, Smith, and purchased by J. O. Wheeler, and that Newcomb did not give notice that he claimed a lien upon said land, but assented either by his declarations, or by his presence and silence, to the sale of said land, they will find for the defendant.

The following instructions were asked by the plaintiff; the 6th was given, and the others refused:—

1st. That the judgment in favor of Thomas Newcomb against the said Maria L. De Witt was a lien upon the interest of said Maria L. De Witt, in the land in controversy from the time of the rendition of said judgment.

2d. That the deed of trust from Maria L. De Witt to W. W. T. Smith did not take away the lien in favor of said Thomas Newcomb, obtained by virtue of his judgment against M. L. Dimmitt.

3d. The deed of trust from Maria L. De Witt to W. W. T. Smith did not estop Newcomb from issuing execution on his judgment, unless he was a party to said deed of trust.

4th. The sale under the execution issued on the judgment in favor of Thomas Newcomb against Maria L. De Witt, and levied upon her interest in the land in controversy, conveyed to the purchaser all her interest in the land sold, unless the jury believe that said Newcomb was a party to the deed of trust from Maria L. De Witt to said W. W. T. Smith, or assented to the same.

5th. If the jury believe from the evidence that the said deed of trust, made by said Maria L. De Witt to W. W. T. Smith, was made for the purpose or with the intent to delay or hinder the creditors of said Maria L. De Witt, then said deed of trust is utterly void as to such delayed creditors, unless they were parties to said deed.

6th. If the jury believe from the evidence that the said deed of trust, made by said Maria L. De Witt to W. W. T. Smith, was made for the purpose or with the intent to delay or hinder the creditors of said Maria L. De Witt, then said deed of trust is utterly void as to such delayed creditors, unless they assented to said deed of trust.

7th. The deed of trust from Maria L. De Witt to W. W. T. Smith was void, because the same was incompatible with the Bankrupt Law of the Republic of Texas in force at that time.

Verdict and judgment for defendant. Motion for new trial overruled, &c.

There was a bill of exceptions as follows:—

Be it remembered, that at a Term of the District Court begun and holden in and for the county of Victoria, on the tenth day of November, A. D. 1856, the above entitled cause came on to be heard, and on the trial of the same the defendant offered in evidence a deed of trust from Maria Louisa Lasso De Witt to W. W. T. Smith, to which the plaintiff objected, 1st. On the ground that the same was in contravention of the Bankrupt Law of the Republic of Texas in force at the time of the execution of that deed. 2d. Because neither Thomas Newcomb nor any of the other creditors, were parties to said deed of trust. 3d. Because said deed authorized the sale of the land to be made either publicly or privately, and on a credit as well as for cash. 4th. Because said deed showed upon its face that it was made for the purpose of delaying the creditors of Maria L. De Witt, and therefore void as to such creditors who were not parties. All of which objections were overruled by the Court; the plaintiff excepted to the ruling of the Court, and the deed was read in evidence.

The defendant offered in evidence the deed from W. W. T. Smith to J. O. Wheeler, purporting to convey to the said Wheeler the half league of land set apart by the said Probate Court to Mrs. De Witt. The plaintiff objected to the introduction of this deed in evidence, 1st. On the grounds urged against the introduction of the trust deed from Mrs. De Witt to Smith. 2d.

Because the defendant had not shown any assent to the deed of trust, either on the part of Thomas Newcomb or any of the other creditors. 3d. Because the defendant had not shown any compliance on the part of the trustee with the terms of the trust deed. The Court overruled the objections, the plaintiff excepted to the ruling of the Court, and the deed was read in evidence.

Plaintiff asked the witness Palmer, whether he had not heard Wheeler say that the sale under the trust deed had been knocked in the head, and was good for nothing. The defendant objected to the question ; the Court sustained the objection, and the plaintiff excepted. Plaintiff asked witness whether he had not heard Wheeler say that he, Wheeler, had not complied with the terms of the trust sale, and that he had abandoned the same ? The defendant objected to the question, and the Court sustained the objection, and the plaintiff excepted. The Court also decided that the plaintiff could not ask the witness any questions touching the non-compliance of Wheeler with the terms of the trust sale, on declarations made by Wheeler of his abandonment of the same. To which ruling of the Court the plaintiff excepted. Upon the cross-examination of A. D. Beaty, plaintiff asked the witness whether he had not heard Wheeler tell Luter that the sale under the deed of trust had been knocked in the head, and that he, Wheeler, had abandoned his purchase at said sale ? Defendant objected to the question ; Court sustained the objection, and the plaintiff excepted. Plaintiff asked the witness Beaty, whether he had ever heard Wheeler say that he had abandoned his purchase under the trust sale, before he, Beaty, sold said land under the execution ? Defendant objected to the question ; the Court sustained the objection, and the plaintiff excepted.

Plaintiff then offered to prove that Newcomb was a witness on the trial of a suit between Maria L. De Witt and Jesse O. Wheeler, concerning said trust deed, and that Newcomb had testified under oath, on said trial, that Wheeler had not complied with the terms of the trust sale ; that the terms of the trust deed had not been carried out ; that Wheeler had told him, Newcomb, that he, Wheeler, had abandoned his purchase under said sale ; that he, Newcomb, had never been paid the amount due him from Mrs. De Witt ; and that Wheeler had paid nothing on his purchase at said sale. The Court decided that such evidence was inadmissible, and that it made no difference whether Wheeler had complied with the terms of his purchase or not, so far as the issues involved in the case at bar were concerned ; that if Newcomb had

given his assent to the trust deed at any time or in any way, the title to the land thereby vested absolutely in Smith the trustee from the time of such assent, and could not be divested by any subsequent act of Wheeler, the purchaser at the sale of the trustee ; that if Newcomb ever gave his assent to the deed of trust, he could not afterwards impeach its validity, but that his only remedy was the enforcement of the trust. The plaintiff excepted to all these rulings of the Court.

Wherefore the plaintiff prays that this his bill of exceptions may be signed and sealed by the Court, and as in duty bound he will ever pray, &c. (Signature of Counsel.)

I sign the foregoing as the exceptions taken on the trial of this cause, only with these exceptions : There were various exceptions taken during the progress of the trial, and which were reduced to writing at the time. There are statements made in regard to questions asked witnesses, which I do not think were asked at all. The substance of the ruling of the Court was, that the declarations of Wheeler, in regard to his abandoning the purchase under the trust deed, could not be admitted to prejudice the interest of the trustee, provided the assent of Newcomb and the other creditors was shown to have been given to the trust. I make this explanation as the paper has been presented several days after the trial.

Given under my hand and seal this the 22d day of November, 1856. (Signature and seal of Judge.)

*Glass* and *Phillips*, for appellant. I. The appellant contends that the trust deed should have been excluded. The Act of Bankruptcy of Jan'y 19th, 1841, (Hart. Dig. Art. 91,) was in force ; and it is well settled that where a Bankrupt law is in force, the right to make voluntary assignments for the benefit of creditors does not exist, unless in conformity with the Act of Bankruptcy. (Burrill on Assignments.)

II. The deed was fraudulent on its face, as it authorized a sale, either public or private, for cash or credit, and at such time and place as the trustee might think best, and gave no authority to the creditors to demand a sale, until six months after its date, still leaving all the details to the discretion of the trustee.

III. The deed purports to be an indenture, but was signed by Mrs. De Witt only.

IV. The Court also erred in refusing to permit the plaintiff to

show by Wheeler's declarations, that he had not complied with the terms of the trust sale, and had abandoned his purchase. The defence rested on the validity of that sale, and it was competent for the plaintiff to show that the trust deed was fraudulently made, and that the purchaser after its execution did not claim the land.

*A. S. Cunningham* and *J. J. Holt*, for appellee. I. Newcomb had acquired a lien upon the land for the payment of his judgment, previous to the conveyance of Mrs. De Witt to Smith; and the sale under his execution was good, unless he had, subsequent to the rendition of said judgment, so acted as to waive or forfeit said lien. His right to enforce said lien would be lost by his assenting to the terms of the deed of trust and agreeing to take under it. That he did so assent, we believe is clearly shown in the statement of facts.

II. Again; it appears from the evidence, that Newcomb was present at the sale of said land by the trustee, Smith; that he gave no notice of his claim to, or lien upon, the same, but, by his declarations and presence induced persons to bid upon the same; by which acts and conduct, whatever lien he may have had upon said land, was lost, as against the purchaser. The books are full of cases upon this point, and we cite the following: 2 Sug. on Vend. 1022; 1 Hilliard on Real Property, 452 and note a; 2 Id. 404.

III. There was no error in refusing to give the instructions asked by plaintiff.

The 1st, 2d, 3d, 4th and 5th instructions asked, may, to some extent, be correct as abstract principles of law; but from the evidence before the Court, they should not have been given without qualifications; and it is not error to refuse a charge in the terms in which it is asked, if it is not proper to give it in that form.

The 7th is not law under the facts before the Court, and should have been refused.

The law governing the case was correctly given by the Court, in the instructions asked by the defendant.

IV. There was no error in the ruling of the Court excluding the declarations of Wheeler. 1st. For the reason, that if Newcomb had not, by his acts, lost his lien upon the land, the title vested in the trustee subject to the lien, and no acts of the trustee or Wheeler, would affect his rights under the execution sale.

Luter v. Rose.

2d. If Newcomb had, by his acts, lost his lien upon said land, the title vested absolutely in the trustee, discharged from the lien, and was not in the hands of the trustee subject to sale under the execution; and whether or not Wheeler abandoned his purchase, could not change the rights of the appellant.

The record shows that Wheeler never did abandon his purchase; that he received a deed from Smith, and when Mrs. De Witt attempted by a bill for that purpose, to set aside said sale, Wheeler asserted his right under it and successfully defended the same.

WHEELER, J. The evidence puts it beyond question, that the deed of trust and the sale under it, were made with the knowledge and consent, if not by the procurement of Newcomb. He was present at the sale, and did not object to it or give notice of his judgment lien upon the land. He evidently favored the sale, expecting it would be the means of obtaining satisfaction of his judgment. It is a familiar rule of law, that if one having title stands by while another purchases from a third person claiming title, and does not forbid the purchase or disclose his own title, he will be bound. By consenting to the sale, Newcomb waived the right to enforce the lien of his judgment against the purchaser at the sale and his vendee. The title of the latter is therefore superior to that acquired by the purchaser at the sale under the execution.

There was no error in excluding evidence of the declarations of the purchaser at the sale under the deed of trust. Such evidence could not be received to impeach the title of his vendee, who is not shown to have had notice of them. The judgment is affirmed.

Judgment affirmed.