ANN V. BULLOCK ET AL. v. OLIVE SMITH ET AL.

No. 2475.

1. **Declarations of Party not in Possession.**—Declarations of a party against his interest and against his title to land after he had parted with his interest are inadmissible against one claiming the land through him. Where the admissions are important and upon a material issue on the trial their admission is ground for reversal.

2. **Stale Demand—Legal Title.**—Where the plaintiff in trespass to try title exhibits a legal title the defense of stale demand is not recognized.

3. **Grantor Resuming Possession of Land.**—If after executing a deed for land the grantor resumes possession, he does not hold under any title or color of title, and his right to acquire title by limitation of ten years would be limited to the amount prescribed by the statutes upon that subject—640 acres before and 160 acres subsequent to the enactment of the Revised Statutes.

4. **Description in Deed.**—A deed for "200 acres of land including improvements on Pophers Creek," where there is evidence showing two or more improvements upon the creek, does not sufficiently describe any land as a basis for recovery.

5. **Fraudulent Sale—Stale Demand.**—After a lapse of time from 1838 to 1883 an attack against a deed for fraudulent representations inducing the grantor to execute it would be a stale demand, nor would the right of action to avoid the deed be preserved by the mere re-entry and temporary possession by the grantor.

6. **Same—Pleading.**—It seems however where fraud or where an equitable claim to the land is set up by the defendant to which the defense of stale demand applies, that plaintiff should plead in replication that the attack was stale.

APPEAL from Angelina. Tried below before Hon. Edwin Hobby. The facts appear in the opinion.

*W. J. Townsend, Wheeler & Chesnutt,* and *Ingraham & Ratcliff,* for appellants. — 1. If the conveyance from Thomas Smith to Wm. Gann was procured from Smith by the fraud of Gann it could not affect the rights of the appellants if they or any of those persons through whom they deraign title from Smith or from Gann were purchasers for value without notice of the facts constituting the fraud practiced by Gann upon Smith. Word v. Box, 66 Texas, 596; Ross v. Kornrumph, 64 Texas, 390.

2. A plea of stale demand is no answer to a plaintiff who relies on the legal title to a tract of land. Harvey v. Cummings, 68 Texas, 599; Wilson v. Simpson, 68 Texas, 306; Williams v. Conger, 49 Texas, 582.

3. A defendant can not recover of a plaintiff who has title under his plea of limitation, more than 640 acres of land, and if the possession began since January, 1861, not more than 160 acres of land, unless under a written title duly recorded. Rev. Stats., art. 3195; Pasch. Dig., art. 4624.

*Wharton Branch,* for appellees. — 1. The plaintiffs had no plea of innocent purchasers in good faith without notice, and such plea if made could not avail the plaintiff, because if equities were equal the court would not disturb defendant's possession, and as against the legal title

held by heirship from the original grantee, it being an equitable plea, is not good as a sword of attack, and may only be used as a shield of defense. 18 Johns. N. Y. Rep., 562, case of Beekman v. Frost; Henderson v. R. R. Co., 17 Texas, 575.

2. The testimony of Joseph Herrington was not hearsay, but was given to show that Smith and wife were not only in possession of the land in controversy but were giving actual notice thereof to William Gann and their reasons why they were in possession, he being the vendor through whom plaintiffs claimed. 1 Greenl., secs. 284, 191, 139, 141, 123, 109, 108; Gibson v. Fifer, 21 Texas, 263; Ripley v. Withee, 27 Texas, 17; Mainwarring, v. Templeman, 51 Texas, 212, 213; Watkins v. Edwards, 23 Texas, 449; Thouvenin v. Rodrigues, 24 Texas, 573, 574.

3. It is believed that the verdict was rendered upon the issue of *non est factum*, and that the evidence fully supports the finding. The title papers offered by plaintiff were properly impeached and their validity put in issue. Stacy v. Ross, 27 Texas, 5, and Railroad Co. v. Chandler, 51 Texas, 419–421; Blythe v. Speake, 23 Texas, 436; 65 Texas, 173; 59 Texas, 127; 66 Texas, 596.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by the appellant Anna V. Bullock, joined by her husband, against the appellees to recover two tracts of land, parts of a league of land granted by authority of the State of Coahuila and Texas to Thomas Smith. The league is a parallelogram extending in a general direction east and west. The first tract described in the petition consists of 1107 acres, taken off of the west end, not embracing, however, 200 acres in the northwest corner. The second tract embraces also 1107 acres and is taken off of the east end of the league by a line running parallel to its east boundary. The plaintiff claimed under a deed purporting to have been executed by Thomas Smith on the 28th day of December, 1838, and purporting to convey the premises in controversy to one William Gann.

The defendants claimed the first tract as heirs of Thomas Smith, the original grantee, and the second as heirs both of Thomas Smith and of his wife Olive Smith. They set up the statute of limitation and stale demand, and also answered specially that the deed from Smith to Gann was not executed by Smith or his authority and that it was procured by fraud. The fraud was alleged to consist in this, that Smith agreed with Gann to convey to him the land in controversy in consideration of a sale to him by Gann of a land certificate, which the latter represented and warranted to be good; that Smith being illiterate Gann caused the deed to be prepared and read it to Smith as containing the terms of the contract agreed upon by them, in which among other things it was stipulated that if the certificate was not valid the agreement to convey the land should be void, and that by this fraudulent device he procured Smith's execution of the

deed.  They also pleaded that the league of land was originally located by Stephen Stanley for Thomas Smith and that Stanley was to have one-half of the land for his services; that a parol partition was had between Smith and Stanley in which the east half was set apart to Stanley; and that Olive Smith, the wife of Thomas Smith, was the daughter of Stanley, and that in the division of his estate upon his death the 1107 acres on the east end of the league in controversy in this suit was allotted to her.

Upon the trial there was also a controversy concerning two hundred acres of land purporting to have been conveyed by Thomas Smith to Jordan Smith in January, 1839.  The defendants also denied that this deed was executed by their ancestor.  The answers were verified by oath.

Upon the trial the plaintiff introduced the deed from Thomas Smith to William Gann, a deed from Gann to F. T. Phillips and J. S. Roberts, and a regular chain of conveyances from the last named grantees down to plaintiff Anna V. Bullock, the wife of her coplaintiff.  The deed from Gann to Roberts and Phillips was dated May 18, 1839.

The defendants introduced testimony tending to show that the deed from Thomas Smith to Gann was a forgery, and also that the allegations in their answer in reference to fraud in the procurement of the deed were true.  The truth of the last named plea became an important issue upon the trial.  Such being the state of the case a witness was permitted to testify, over the objection of plaintiffs, as follows:

"I heard Gann say (referring to the Smiths) the whole set of them were a pack of fools.  I knew from what I heard both of them say that Gann was to convey to Smith a valid land certificate and that Smith was to convey to Gann 3121 acres of land, which was considered a swap between the said Gann and Smith.  Smith made a deed to the land under the impression that he was receiving a valid land certificate, but Gann gave him a spurious land certificate for a league of land.  Smith wanted to go on Red River to locate, and for this reason he made the swap with Gann.  Gann paid him no money; this I learned from a conversation with both parties while trying to settle the matter.  The reason why Smith wanted to swap I think I only learned from Smith and his wife.  Thomas and Olive Smith claimed that Gann was to return the land to them if the certificate was not good.  Gann said he was willing to turn the land back to them, but could not as he had sold it."

Gann having parted with his title to the land at the time these conversations took place, the evidence was hearsay and should have been excluded.  The error in admitting this evidence requires a reversal of the judgment.

Since the case will be remanded for a new trial the assignments of error which call in question the sufficiency of the evidence to support the verdict will not be discussed.  There are, however, some other assignments which demand consideration.

The court charged the jury in effect that if defendants or any one for them had possession of the land in controversy or any part of it at any time before the bringing of the suit, and that plaintiffs knew of such possession or might by reasonable diligence have known of it, and negligently delayed the bringing of their suit for ten years; the jury should find for defendants upon their plea of stale demand.   This we think was error.. The plaintiffs claimed only under a legal title, and the plea of stale demand was not applicable to their case.   Harvey v. Cummings, 68 Texas,. 599; Wilson v. Simpson, 68 Texas, 306.

The sixth assignment of error is as follows:   "The court erred in section 25 of its charge as follows:  'If you believe that plaintiffs have title to the land, and you believe that the defendants or any one of them, or some one for them, had peaceable adverse possession of the land in suit, using, cultivating, and enjoying the same, openly claiming it adversely to all others as their own, prior to the institution of this suit on July 24, A. D., 1882, you will find for the defendants.   If you find they have had such possession of any particular tracts and not possession of the whole, you will find for the defendants for such tract or tracts as they may have shown you they had possession of.' "

If the deed from Thomas Smith to Gann was shown to be a forgery,. then the defendants had the title without the aid of the statute of limitations.   If, however, that deed was executed by Smith, then when he or his heirs resumed possession of the land, having conveyed the title he formerly had, neither he nor they can be held to have been in possession under color of his original grant.   The claim under the statute of limitations would be restricted to the limits of the actual occupation, or if the land actually occupied was less than 640 acres then to that number of acres to include the improvements so occupied, provided the title by limitation matured before the Revised Statutes went into effect.   If the title by limitation did not mature until the present law went into operation, then the claim would be limited to 160 acres unless a larger area, was in fact enclosed.

That portion of the charge of the court is complained of which relates to the 200 acres of land conveyed by Thomas Smith to Jordan Smith.   Plaintiff showed a regular chain of title to this tract.   But we. have been unable to determine whether it is a part of the land described in the petition or not.   The description in the deed is "the following 200 acres of land situated in Nacogdoches County on Pophers Creek, said land to be surveyed so as to include the improvements according as the purchaser may request, which I the said Thomas Smith who conveyed all my right, title, and interest to the land."   The language here quoted indicates that something has been inadvertently omitted.   If the description is to be deemed sufficient to convey title to any land and to enable a party claiming under the deed to recover, such recovery could

only be had by showing by parol the improvement then owned by Smith and intended to be conveyed. The deed only informs us that it is land embracing an improvement on Pophers Creek. The defendants pleaded that the 200 acres intended to be conveyed was the tract in the northwest corner of the league, which is not embraced in the field notes of the land claimed in the petition. The court seems to have concluded that the proof showed this. At all events we think that the plaintiffs failed to make a case which entitled them to recover any 200 acres of land embraced within the field notes set out in the petition. The evidence shows that there was at least more than one improvement on Pophers Creek. Hence, if the court erred in its conclusion the error did not operate to the prejudice of appellants.

The appellants also insist that the court erred in refusing to admit in evidence certain testimony to the effect that while Olive Smith was in possession of a part of the league her right was "contested." If she was holding adversely the only contest that would have affected her claim of title by the statute of limitations would have been a suit prosecuted to judgment. We do not see that the evidence was relevant to any issue in the case, and are of opinion that it was properly excluded.

The defense of fraud and the claim under the title set up by defendants as the heirs of the wife of Thomas Smith through the locative interest alleged to have been set apart to her father, Stanley, were both equitable claims, to which it seems the plea of stale demand would have been applicable if it had been pleaded. But the plaintiffs did not reply to the answer. If the defendants had brought the suit and plaintiffs had pleaded not guilty it may be that the defense of stale demand could have been admitted under that plea. It would seem the fact that Smith and the defendants may have resumed possession of the land would not have relieved them from the effect of their laches in failing to bring suit to enforce their rights growing out of the alleged fraud in misrepresenting the genuineness of the land certificate claimed to have been transferred by Gann or out of the alleged setting apart to Stanley of a part of the land in satisfaction of his locative interest. Walet v. Haskins, 68 Texas, 418.

On account of the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion January 25, 1889.