**W. G. TALBOTT, Appellant,**

v.

**Florence HOGG et al., Appellees.**

No. 6642.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 11, 1957.

Culton, Morgan, Britain & White, Amarillo, for appellant.

Wilson & Wilson, Wichita Falls, Earl E. Miller, Dallas, for appellees.

PITTS, Chief Justice.

In the language of plaintiffs themselves, who have appealed, "This is a suit to establish an interest under a parol trust and for partition of land situated in Armstrong County, Texas." A partition of the land depends wholly upon the establishment of plaintiffs' claimed interest by parol trust.

"Perhaps there is no fact which, in the trial of civil causes, is required to be so satisfactorily proved as that which engrafts a parol trust upon the legal title. 1 Perry on Trusts, sec. 136, and authorities just cited.

"Whilst it is not necessary that it should be established beyond a reasonable doubt, nothing must be left to conjecture, nor must presumptions be indulged which are not the usual and almost necessary deductions from the facts proved." King v. Gilleland, 60 Tex. 271, 274.

In such cases the burden of proof is upon claimants to establish the asserted trust "by evidence that is clear, satisfactory and convincing and nothing left to conjecture." Little v. Williams, Tex.Civ.App., 272 S.W.2d 409, 413, and other authorities there cited. To impress a parol trust "the evidence must be 'clear, satisfactory and convincing.' " Collins v. Collins, Tex.Civ.

App., 154 S.W.2d 210, 214, and other authorities there cited.

Plaintiffs, Walter Hogg and wife, Florence Hogg, Deola Henson and wife, Ester Henson, and Thelma Landrum and husband, Graddie Otis Landrum, filed suit against defendants, Hattie Waugh and husband, Al Waugh, Georgia Anderson, a widow, Willie Janzig, a widow, Bertha Talbott, a widow, and William Garland Talbott, a son of Bertha Talbott, seeking to establish that a parol trust had been engrafted upon a certain deed conveying Section 12, Block 4, B.S. & F. Survey in Armstrong County, Texas. Plaintiffs alleged in effect that the said section of land came into possession and ownership of Mrs. Amy Hogg Barnett, formerly Mrs. Amy Henson, by virtue of a title certificate No. 1806, issued by the State of Texas; that on May 21, 1936, Mrs. Amy Hogg Barnett deeded the said section of land by a warranty deed to her four daughters, namely Mrs. Bertha Talbott, Mrs. Hattie Waugh, Mrs. Georgia Anderson and Mrs. Willie Janzig, to share equally therein for a consideration of $10, of love and affection she had for her said daughters, and upon a further consideration that her said daughters as grantees would assume payment of the purchase money indebtedness to the State of Texas and that the grantor retain all rents, revenues and benefits accruing from the said land during her lifetime; that thereafter on April 29, 1943, Bertha Talbott conveyed all of her one-fourth interest in the said land to her son, William Garland Talbott, for a consideration of $10 and her love and affection for him; that thereafter on June 22, 1954, Amy Hogg (Henson) Barnett died. Plaintiffs further alleged in effect that at the time Amy Hogg Barnett executed the deed of date May 21, 1936, as grantor conveying the said land to her said four named daughters as grantees, it was agreed by and between the said grantor and grantees that the record title to the said land would be held by the said grantees in trust until the death of grantor, Amy Hogg Barnett, for the benefit of all of grantor's children to share equally

thereafter, and that William Garland Talbott had knowledge of such agreed trust at the time his said mother conveyed her interest in the said land to him; that Amy Hogg (Henson) Barnett had seven children, namely Walter C. Hogg, Deola Henson, Hattie Waugh, Bertha Talbott, Georgia Anderson, Willie Janzig and Jessie Miller; that Jessie Miller had previously died intestate leaving as her heir Thelma Landrum, who is one of the plaintiffs in the suit. Although the plaintiffs pleaded that Thelma Landrum was the daughter and heir of Jessie Miller who was a daughter of Amy Hogg (Henson) Barnett, there was no proof whatever offered of such heirship or that Thelma Landrum was a descendant of Jessie Miller or that either one of them was a descendant of Amy Hogg (Henson) Barnett. Consequently, Thelma Landrum and husband, Graddie Otis Landrum, are precluded from recovery of any kind in any event in this action for that reason alone.

Defendant Bertha Talbott filed a disclaimer of date October 27, 1955, denying that she owned, held or claimed any interest in the land in question and asserted that she had previously conveyed all of her interest in the said land by warranty deed to her son, William Garland Talbott, on April 29, 1943. By pleadings duly filed, the other defendants joined issues with plaintiffs. Defendants Georgia Anderson and William Garland Talbott further pleaded a cross action for recovery of title to the land in question but it seems they abandoned it during the trial and have relied solely on their general denial and prayer asking that plaintiffs be allowed no recovery because no evidence of a parol trust had been presented. In its judgment the trial court made no reference to such cross action and no complaint has been made here about its failure to mention such.

The case was tried to a jury but after the evidence was heard, all parties except defendant Bertha Talbott, asked for an instructed verdict, each party against the other. The trial court sustained the motion

of defendants Georgia Anderson, Willie Janzig and Hattie Waugh and husband, Al Waugh, as against all of the plaintiffs and; accordingly denied all of the plaintiffs any recovery as against these said defendants. The trial court likewise sustained the motion of plaintiffs as against defendants Bertha Talbott and William Garland Talbott and awarded judgment against the said two named defendants and on behalf of the plaintiffs for an undivided 3/28 of the section of land in question, awarding 1/28 undivided interest in the said land to Thelma Landrum and 1/28 undivided interest in the same to Florence Hogg and 1/28 to Ester Henson, such awards being made to the latter two because their husbands had previously deeded their respective interests in the said land to their respective wives. The trial court rendered and entered its judgment accordingly and soon thereafter rendered and entered a second judgment in lieu of its first judgment in order to make some minor changes, about which no complaints are here made and the second judgment was made final and is therefore the basis for our consideration here. William Garland Talbott perfected an appeal because of that part of the judgment rendered against him and all of the plaintiffs perfected an appeal because of that part of the judgment rendered against them.

In our opinion the controlling question to be here determined is whether or not there was sufficient evidence of probative force to raise an issue of whether or not there had been an agreement made between grantor and the grantees of the warranty deed at the time it was executed on May 21, 1936, to engraft a parol trust upon the said deed, by which parol trust the grantees were required to hold the said land in trust until the death of grantor, after which the same was to be divided equally between all. of the children of grantor. Plaintiffs had so asserted and the burden was therefore upon them to establish their claims by "clear, satisfactory and convincing evidence with nothing left for conjecture."

Plaintiffs offered in evidence the warranty deed last herein mentioned of date May 21, 1936, by which Mrs. Amy Hogg Barnett, formerly Mrs. Amy Henson, conveyed the land outright for a valuable consideration to her four named daughters and there was no mention made directly or indirectly of a trust of any kind by the use of any language found in the deed. The said deed was filed for record on May 28, 1936, and duly recorded in Volume 40, page 378, Deed Records of Armstrong County, Texas. Plaintiffs also offered in evidence the warranty deed of date April 29, 1943, by which Bertha Talbott, one of the grantees in the other deed mentioned, conveyed her one-fourth undivided interest in the land in question for a valuable consideration to her son, William Garland Talbott, and there was no language therein used indicating the existence of a trust of any kind. That deed was filed for record on April 30, 1943, and recorded in Volume 46, page 385 of the Deed Records of Armstrong County, Texas. They likewise established by proof the death of Amy Hogg Barnett on June 22, 1954. Plaintiffs then called their adversaries, defendants herein, Hattie Waugh, Georgia Anderson and Willie Janzig, each to the witness stand and proved by each of them in effect that the deed executed by their mother conveying to them the section of land in question was drawn by Judge W. F. Moore in his office at Paris, Texas, with only himself, their mother as grantor and the four daughters as grantees present and that nothing was there said at that time or at any other time by anybody about a trust of any kind being engrafted upon the deed and that there was no agreement at any time made between the grantor and the grantees about a trust of any kind. They further testified that the grantees at no time promised their mother that the land would be held in trust for all of her children and that the grantees each paid to the State of Texas her part of the balance due on the purchase price of the land in question as

provided for as a part of the consideration in the deed. The said defendants were each called as witnesses again later to testify in their own behalf and then and there confirmed their testimony previously herein referred to. Mrs. Hattie Waugh further testified that on the occasion when the deed was drawn her mother, the grantor, told Judge Moore and all of the grantees that she wanted the four girls to have the section of land in question because "the boys had already gotten their part," and she further said that "the girls had never had a dime of it." Of course, the plaintiffs were not bound by the adverse testimony given by the said defendants when such was elicited by plaintiffs who called them to the stand for cross examination but the material testimony there given by the said three defendants to the effect that no trust agreement had ever been made was never controverted according to the record before us by any evidence of probative force offered.

Plaintiffs sought to establish their claims by offering in evidence a copy of a certain request for admissions as allegedly provided for under Rule 169, Texas Rules of Civil Procedure, and mailed to Bertha Talbott's attorney on March 22, 1956, after she had disclaimed in the suit on October 27, 1955, and claiming that such request for admissions was admissible against all defendants because Bertha Talbott did not answer and return or file any answers to any of the questions propounded to her. No such requests for admissions or any other kind were presented by plaintiffs to any of the other named defendants in the case. Nevertheless, plaintiffs insisted and still insist that the request for admissions sent to defendant Bertha Talbott, who had previously disclaimed, was admissible against all defendants and the same was offered for such purpose several times. Such was excluded by the trial court as against all defendants except Bertha Talbott, to whom it was sent through her attorney. Finally, when plaintiffs sought to read to the jury the said request for admissions made to

Bertha Talbott during the trial, objection was again made by adverse counsel when the court said (S. F. 35):

"I sustain the objection. Bertha Talbott is not a party to this suit at this date; she has disclaimed."

■ Plaintiffs complain in this court because the trial court refused to admit the said request for admissions made only to Bertha Talbott as against all defendants, contending that such would have had a tendency to prove their claims of the existence of a parol trust and that the trial court erred in not admitting the same as against all defendants. In an effort to support their contentions, plaintiffs cite authorities which we do not believe support their contentions here made. One such authority so cited by plaintiffs refutes their contentions here made. We refer to the case of Sanchez v. Caroland, Tex.Civ.App., 274 S.W.2d 114, 116. In that case there were two defendants and a request for admissions was served upon defendant Vallin who answered them but no such request was made of defendant Sanchez. The court there said in part:

"Though Vallin admitted that he drove the truck to the point in question and stopped it there, we cannot, merely because of Vallin's admission, consider that as evidence against Sanchez. Should we do so we would be holding that Vallin was Sanchez' agent for the purpose of making admissions against Sanchez' interest. Vallin had no such authority. Only Sanchez, or someone having such authority from him, could make an admission against his interest."

In the case at bar no showing was made that Bertha Talbott was an agent of the other defendants or had any authority to represent any of them. Such being true, the rule announced in that case by the court applies to the facts in the case at bar.

In the case of Krasa v. Derrico, Tex. Civ.App., 193 S.W.2d 891, 893, a request

for admissions was made to defendant Mrs. Mable M. Krasa, and no answer was made to such a request. The court there held that such a request for admissions was admissible only as against Mrs. Krasa individually but not against her as community survivor or executrix of an estate there involved because such a request was made of her only individually and not in her capacity otherwise. Such is the rule generally for which reason we think the trial court in the case at bar properly limited the introduction of the request for admissions made by Bertha Talbott as against her only and, as observed by the trial court, such was of no value as against her since she had long previously disclaimed.

There is another reason why the request for admissions made by Bertha Talbott was not admissible in the case at bar. Plaintiffs contend that the admissions were admissible because they showed Bertha Talbott admitted by an affidavit attached thereto of date July 6, 1954, that an oral parol trust was agreed to by the grantor of the deed of date May 21, 1936, and the grantees thereof as claimed by plaintiffs. The record conclusively reveals that if Bertha Talbott made any such statement such was made on July 6, 1954, long after she had by a warranty deed of date April 29, 1943, conveyed all of her interest in the land in question to her son William Garland Talbott, a co-defendant herein, as a result of which she had no interest in the land as reflected by her disclaimer filed in the case. Consequently, any statement then made by her was not admissible. She could not then as a grantor "impeach the title" to the land she had previously conveyed to her said son. Luter v. Rose, 20 Tex. 639, 649. "That the declaration of a grantor made after the execution of his deed should be received in evidence to destroy the deed he had made is against reason and against law, and it is especially so in the case of a husband denouncing the title of his wife." DeGarca v. Galvan, 55 Tex. 53, 57. If such is "especially so"

as between a husband and wife such should be especially so as between a mother and son as is shown to be true in the case at bar. Such a rule is observed in the following cases of Grooms v. Rust, 27 Tex. 231, 232, 239; Hinson v. Walker & Co., 65 Tex. 103, 106; Smith v. McElyea, 68 Tex. 70, 3 S.W. 258, 260; Bullock v. Smith, 72 Tex. 545, 10 S.W. 687, 688; Hooks v. Neill, Tex.Civ.App., 21 S.W.2d 532, 539 (writ refused); Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 235; Condra v. Grogan Mfg. Co., Tex.Civ. App., 228 S.W.2d 588, 599, affirmed 149 Tex. 380, 233 S.W.2d 565. The last case cited says in part:

"A grantor is not permitted by declaration or statements made by him after he has conveyed land to defeat or disparage the title that he has conveyed. Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226; Hooks v. Neill, Tex.Civ.App., 21 S.W. 2d 532; Barnard v. Blum, 69 Tex. 608, 7 S.W. 98."

Plaintiffs further complain here because they sought to no avail to establish their claims by offering in evidence separately and alone the ex parte affidavit executed by Bertha Talbott on July 6, 1954, and attached to the request for admissions mailed to her on March 22, 1956, heretofore referred to and it alone was properly excluded as evidence by the trial court under the record and all of the authorities previously cited in the last paragraph immediately preceding this one.

Plaintiffs next complain because the trial court excluded from evidence a letter written purportedly by Mrs. Amy Hogg (Henson) Barnett to plaintiffs Walter Hogg and Wife, Florence Hogg, on July 14, 1936, some 54 days after she had executed the warranty deed of date May 21, 1936, conveying the section of land in question to her four daughters who are defendants herein. Plaintiffs contend that at least a part of the language used in the said letter would help to establish the al-

leged parol trust they claim existed. In our opinion the trial court properly excluded the said letter as evidence for the same reason and under the same authorities by which Bertha Talbott's ex parte affidavit was excluded. Mrs. Amy Hogg (Henson) Barnett must not be permitted to impeach, defeat or disparage the land title she had previously conveyed or the terms of the warranty deed she had previously executed. Under the authorities cited the rights of the parties were fixed when the deed was executed by Mrs. Amy Hogg (Henson) Barnett for a valuable consideration on May 21, 1936, and some letter she may have written several weeks thereafter could not have changed the express terms of the deed. Plaintiffs claim that the letter was admissible as res gestae but under the record before us and the law governing such we do not think the letter written 54 days after she executed the deed was admissible as res gestae. Emerson v. Mills, 83 Tex. 385, 18 S.W. 805; Dallas Hotel v. McCue, Tex.Civ.App., 25 S.W.2d 902, 906; Ray v. Gage, Tex. Civ.App., 269 S.W.2d 411, 419; 17 Tex. Jur. 623, Sec. 262. A res gestae statement must have been made under such circumstances as will raise a reasonable presumption that the same was a spontaneous utterance of thoughts created by or springing out of the transaction itself. Plaintiffs complain particularly because the trial court would not admit an isolated statement found in the letter to the effect that "Walter will get his part with the girls." In our opinion no part of the letter was admissible as evidence, particularly not admissible for the purpose offered. In any event the letter was not well written and contained little continuity. It could, therefore, give little information without its terms having to be orally explained. If it had been admitted in its entirety as evidence it would have little if any probative force concerning any matter and certainly its contents would not have had any tendency to prove any material fact in this case.

Plaintiffs presented and relied upon the testimony of Mrs. Henry (Belle) White who testified that Mrs. Hattie Waugh and husband, Al Waugh, and her mother, Mrs. Amy Hogg (Henson) Barnett, stayed at her home for some time during the year 1940, during which time she repeatedly heard Mrs. Waugh and her mother talking about a deed, the farm, a promise that had been made, Mrs. Barnett's children, and that all of the heirs should be taken care of, but she did not know how many heirs there were and that she did not know what was said by Mrs. Barnett and her four daughters at the time the deed of date May 21, 1936, was signed by Mrs. Barnett, which deed had been executed some four years prior to the related conversations the witness said she heard. Some of the testimony of the witness relied upon by plaintiffs was excluded by the trial court as a result of objections made by counsel for their adversaries and no point or assignment of error has been presented here complaining about such testimony having been excluded by the trial court. Therefore plaintiffs have waived any right to complain about the exclusion of such testimony and in any event the testimony excluded is not available to them. After reading and re-reading all of the testimony given by the witness, Mrs. White, we do not find any testimony of probative force that would raise an issue of the making of any kind of an agreement between Mrs. Amy Hogg (Henson) Barnett as grantor and her four named daughters as grantees of the deed in question at the time it was executed, or raising an issue about a parol trust or any other kind of a trust being agreed to between the said parties at the said time. We find no testimony given by this witness by which a jury could even conjecture that the said parties had agreed to engraft a parol trust upon the said deed in question at the time it was executed. In fact, we find no evidence of probative force anywhere in the record sufficient to raise an issue in support of plaintiffs' claims to the effect that

by agreement of the parties a parol trust was engrafted upon the deed in question. Certainly there is no evidence in the record clear, convincing and satisfactory enough to raise such an issue. Under the record presented there could have been nothing for a jury to consider except by conjecture or speculation. The testimony given by the witness, Mrs. White, concerning conversations she had heard between Mrs. Hattie Waugh and Mrs. Amy Hogg (Henson) Barnett was hearsay as to defendants William Garland Talbott and Mrs. Georgia Anderson who were not present at the time and was therefore not admissible in any event as against these said defendants.

There is no evidence in the record showing that plaintiffs Walter Hogg or Deola Henson had ever acquired any interest whatever in the section of land here involved, although they did execute quitclaim deeds to their mother for the said section of land before their mother executed the warranty deed of date May 21, 1936, conveying the same to her daughters, and the said plaintiffs each later conveyed by a deed all of the said section of land to their wives respectively after their mother had conveyed the said section of land to her four daughters. None of these said deeds executed by the said plaintiffs have any force or effect on the issues presented in the case. Consequently it appears from the record that plaintiffs failed to discharge the burden of presenting competent evidence to even raise an issue in support of their claims of a parol trust. There being no parol trust in existence, plaintiffs have failed to show any interest in the land or any grounds for a partition of the land.

For the reasons stated that part of the trial court's judgment denying plaintiffs any recovery against defendants Georgia Anderson, Willie Janzig and Hattie Waugh and husband, Al Waugh, is affirmed but that part of the trial court's judgment awarding plaintiffs recovery against de-

fendant William Garland Talbott is reversed and judgment is here rendered denying plaintiffs any recovery against the said defendant, William Garland Talbott. In fact, plaintiffs have failed to raise an issue for recovery against any of the defendants but defendant Bertha Talbott failed to perfect an appeal and is not before this court. However, she disclaimed and we think because of such the trial court properly stated during the trial that "Bertha Talbott is not a party to this suit" although under the record she was not dismissed from the suit and judgment was rendered against her and for plaintiffs. Nevertheless it will be difficult to satisfy a judgment rendered for recovery of land as against a party defendant who, under the record, owns no interest in the said land. Affirmed in part and reversed and rendered in part.