

## NUMBER 13-08-00214-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

GREGORY A. BEAVERS, ET AL.,                                    Appellants,

v.

ALUMINIUM COMPANY OF AMERICA, ET AL.,              Appellees.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

This is a negligence, gross negligence, and strict liability action filed by appellants,[1]

former employees asserting asbestos-related claims against product manufacturers,

premises owners, equipment manufacturers, and contractors. Appellants appeal the trial

---

[1]Appellants are Gregory A. Beavers; Alfredo A. Aguilar; Juan R. Curiel; Humberto De La Vina; Lazaro F. Garcia; Consuelo G. Gutierrez, individually and as representative of the estate of Alfredo C. Gutierrez; David C. Rodriguez; Gerald D. Sheets; Samuel S. Steele; and Nabbie Roberts, individually and as representative of the estate of Raymond J. Roberts.

court's granting of a no-evidence summary judgment in favor of several appellees.[2] By one issue, appellants contend that the trial court erred when it granted summary judgment in favor of appellees. We affirm.

## I. BACKGROUND[3]

Appellants filed their fifth amended petition on June 25, 2004, alleging, inter alia, negligence, gross negligence, and strict liability claims against 143 defendants, some of which are appellees in this appeal. Throughout May and June 2004, appellees filed no-

---

[2]Appellees are A. O. Smith Corporation; Anadarko E&P Company, LP, f/k/a and sued as RME Petroleum Company f/k/a Union Pacific Resources Company f/k/a Champlin Petroleum Company, individually and as successor by merger to Pontiac Refining Corporation; Atlantic Richfield Company; Union Carbide Corporation; H. B. Fuller Company; Foster Products Corporation, individually and as successor in interest to Childers Products Company, Inc.; Aventis Animal Nutrition, Inc., individually and as successor in interest to Rhone-Poulenc AG Company, Inc. and Union Carbide Chemicals and Plastics Co., Inc.; Bayer Cropscience, Inc., individually and as successor in interest to Rhone-Paulenc AG Company, Inc. and Union Carbide Chemicals and Plastics Co., Inc.; Certainteed Corporation; Lamons Metal Gasket Company; E.I. Du Pont de Nemours and Company; General Electric Company; Kelly-Moore Paint Company, Inc.; Georgia-Pacific LLC f/k/a Georgia-Pacific Corporation; Goodrich Corporation f/k/a The B.F. Goodrich Company, individually and as successor in interest to Garlock, Inc.; Lockheed Martin Corporation, individually and as successor in interest to Martin Marietta Corporation, Martin Marietta Materials, Inc., and Martin Marietta Cement, Inc.; Pharmacia Corporation f/k/a Monsanto Company; Shell Oil Company, Inc.; Saint-Gobain Abrasives, Inc. f/k/a Norton Company; Norton Company (Safety Products Division-USA Norton Company), individually and as successor in interest to Welsh and Welsh, a Division of Textron; Sears, Roebuck and Co.; CBS Corporation, a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania Corporation, f/k/a Westinghouse Electric Corporation; Sepco Corporation; Weil McLain, incorrectly named as SPX Corporation, individually and as successor to United Dominion Industries, The Marley Company, Wylain, Inc., Weil McLain, a Division of Wylain, Inc., and Weil McLain Company; Goodyear Tire & Rubber Company; ConocoPhillips Company f/k/a Phillips Petroleum Company and Phillips Petroleum Company; G.H.X., Incorporated, individually and as successor in interest to Houston Gasket & Packing Company, Corpus Christi Rubber & Gasket Company, and Corpus Christi Rubber and Specialty Company; Beazer East, Inc.; Corpus Christi Gasket & Fastener, Ltd.; Bechtel Corporation; Aqua-Chem, Inc. d/b/a Cleaver-Brooks Division; The Dow Chemical Company; Lamons Metal Gasket Company; A. W. Chesterton Company; Garlock Sealing Technologies LLC, individually and as successor in interest to Garlock, Inc.; EnPro Industries, individually and as successor in interest to Garlock, Inc.; Anchor Packing Company; The Okonite Company; Reynolds Metals Company; Garlock, Inc.; Fluor Enterprises, individually and as successor in interest to Fluor Daniel, Inc., Fluor Engineers, Inc., and Fluor Engineers and Constructors, Inc.; Fluor Corporation; Zurn Industries, Inc., individually and as successor in interest to Erie City Iron Works, Inc.;Teadit, N.A., Inc.; Alcoa, Inc.; Aluminum Company of America and/or as successor by merger and/or successor in interest to Reynolds Metals Company; American Optical Corporation; AstenJohnson, Inc. a/k/a Asten Group, Inc., individually and as successor in interest to Asten Group, Inc. and Asten, Inc.; Asten, Inc. d/b/a Asten Group, Inc.; Rapid American Corporation; Superior Boiler Works, Inc.; and Asarco Incorporated f/k/a American Smelting & Refining Company.

[3]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

evidence motions for summary judgment arguing, among other things, that appellants had presented no evidence of causation, strict liability, duty, breach, premises liability, and/or gross negligence. On June 18, 2004, appellants filed a collective response attaching evidence as exhibits. In reply, appellees filed objections to the evidence and motions to strike.[4] On June 24, 2004, appellants filed a collective response to appellees' replies.

On June 25, 2004, the trial court heard and considered appellees' no-evidence motions, appellants' responses, and appellees' objections and motions to strike appellants' summary judgment evidence. At the hearing, finding all of appellants' summary judgment evidence to be inadmissible, the trial court sustained appellees' objections. According to appellees, at the hearing, the trial court also orally granted appellees' no-evidence motions for summary judgment on the basis of its evidentiary ruling striking all of appellants' summary judgment evidence. Appellants do not dispute these facts. *See* TEX. R. APP. P. 38.1(g).

On July 15, 2004, the trial court signed and entered a final judgment sustaining appellees' objections and motions to strike appellants' responses and exhibits and ordering all of appellants' summary judgment evidence stricken. The trial court ordered that, even if appellants' responses and exhibits were not stricken, such evidence was legally insufficient to overcome appellees' no-evidence motions for summary judgment. The trial court then granted appellees' no-evidence motions for summary judgment and rendered

---

[4]For example, appellees objected that various reports and articles constituted unauthenticated and inadmissible hearsay. They also objected that certain "expert" depositions constituted inadmissible hearsay, failed to qualify under rule 702 or rule 804(b)(1) of the Texas Rules of Evidence, and failed the admissibility standards dictated by *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549 (Tex. 1995) and *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706 (Tex. 1997). Further, they complained that plaintiff and coworker depositions and affidavits constituted inadmissible hearsay, were not based on personal knowledge, and failed to qualify under rule 804(b)(1).

judgment that appellants take nothing from these appellees. Finally, appellants' claims and causes of action against appellees were severed out and docketed as a separate action, trial court cause number 04-3820-H.[5] Appellants appeal from the trial court's judgment.

## II. DISCUSSION

By a single issue, appellants contend that the trial court erred when it granted summary judgment. They assert that there was sufficient evidence in the summary judgment record to demonstrate the existence of a genuine issue of material fact, thus, summary judgment was not proper.

Appellants filed their notice of appeal and requested that the district clerk include their responses dated June 18 and June 24, 2004, as part of the appellate record. When the record was filed, however, appellants' responses and attached evidence were not included. Appellants note in their brief that they "filed contemporaneously with their Brief a Motion to allow amended briefing out of time, to allow them to correct the Clerk's Record and supplement this Brief with citations to the Clerk's Record." This Court has received no such motion from appellants, and the appellate record has not been supplemented with the stricken documents.

Moreover, "[w]here evidence has been held to be inadmissible and that holding has not been challenged on appeal, this [C]ourt cannot consider the excluded evidence." *Taylor-Made Hose v. Wilkerson*, 21 S.W.3d 484, 493 (Tex. App.–San Antonio 2000, pet. denied) (op. on reh'g) (en banc) (quoting *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex.

---

[5]The trial court also severed into cause number 04-3820-H all claims and causes of action against these appellees which had previously been resolved by non-suit or dismissal, as well as dismissals ordered by the trial court regarding claims for contribution and indemnity.

4

App.–Fort Worth 1999, writ denied) and citing *Inglish v. Prudential Ins. Co.*, 928 S.W.2d 702, 706 (Tex. App.–Houston [1st Dist.] 1996, writ denied) (op. on reh'g); *Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 265 (Tex. App.–Fort Worth 1986, no writ); *Talbott v. Hogg*, 298 S.W.2d 883, 889 (Tex. Civ. App.–Amarillo 1957, writ dism'd)). "Where excluded evidence is not the subject of a point of error, 'plaintiffs have waived any right to complain about the exclusion.'" *Rhodes*, 719 S.W.2d at 265 (quoting *Talbott*, 298 S.W.2d at 889). Appellants do not now assert that the trial court erred by striking the evidence, thus they have waived any right to complain about the exclusion.[6] *See id*.

In a no-evidence summary judgment case, the nonmovant, here the plaintiffs, "must produce summary judgment evidence raising a genuine issue of material fact to defeat the summary judgment under [section 166a(i)]." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (citing TEX. R. CIV. P. 166a(i)). "A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced." *Id.* (citing *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000)). Without the stricken evidence, appellants have no summary judgment evidence before this Court; they

---

[6]Appellants state in their argument summary that "[i]t was error for the trial court to strike the Appellants' evidence from the summary judgment record." In support of this statement, they advance no substantive legal analysis or argument in that summary or in the argument section of their brief. In the argument section, after citing authority, appellants do urge that "[i]t is incumbent on the objecting party to obtain the court's ruling on the objections before the court rules on the motion and have the ruling memorialized by a written order," and "[w]hen an objection is sustained, the opposing party must be given an opportunity to amend the instrument to cure the defect, if possible." However, appellants provide neither a factual basis nor a substantive analysis addressing how these principles of law were violated here. "It would be inappropriate for this [C]ourt to speculate as to what appellant[s] may have intended to raise as an error by the trial court on appeal. To do so would force this [C]ourt to stray from our role as a neutral adjudicator and become an advocate for appellant[s]." *Canton-Carter v. Baylor College of Med.*, 271 S.W.3d 928, 931 (Tex. App.–Houston [14th Dist.] 2008, no pet.). Therefore, even if appellants properly raised this issue, we would conclude that it has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that a brief must contain "a clear and concise argument that includes appropriate citations to legal authority and to the appellate record"); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.–El Paso 2007, no pet.).

5

have failed to produced more than a scintilla of evidence establishing the existence of any element of their claims. *See id.*

Accordingly, the trial court did not err in granting appellees' motions for no-evidence summary judgment. We overrule appellants' sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
11th day of March, 2010.