Arthur E. **RHODES**, Trustee of the McIntyre Loyalty Trust and Danya N. McIntyre, Trustee of the McIntyre Loyalty Trust, Appellants,

v.

**INTERFIRST BANK FORT WORTH, N.A., Appellee.**

No. 2–86–011–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 29, 1986.

---

1. *Miranda v. State of Arizona,* 384 U.S. 436, 86     S.Ct. 1602, 16 L.Ed.2d 694 (1956).

Levbarg & McGowan and Mark Z. Levbarg, Austin, for appellants.

Haynes and Boone and Keith D. Calcote, Fort Worth, for appellee.

Before HOPKINS, FARRIS and KELT-NER, JJ.

## OPINION

HOPKINS, Justice.

Appellants, as trustees for the McIntyre Loyalty Trust (MLT or "appellants") appeal the entry of summary judgment against MLT in a suit concerning a guaranty agreement entered into between MLT and Inter-First Bank Fort Worth (InterFirst).

The judgment is affirmed.

Appellee, InterFirst, sued appellants, MLT, on an agreement guaranteeing a loan made to a third party, now bankrupt. MLT defended alleging that InterFirst made certain materially false representations concerning the collateral on the loan. MLT alleged that it was induced by fraud to guarantee the loan. Additionally, MLT argued that an agreed order entered in a related bankruptcy proceeding created a novation which released MLT from its guarantee of the loan.

InterFirst moved for summary judgment. In response to the motion, MLT sought to establish its defenses outlined above through affidavits. InterFirst moved to strike nearly all of the assertions in the affidavits for various reasons including hearsay, legal conclusion, and lack of personal knowledge. The trial judge granted the motion to strike and subsequently severed InterFirst's claim from a counterclaim by MLT,[1] and the court entered summary judgment in favor of InterFirst.

In the first point of error MLT urges that summary judgment should be reversed and remanded because the affidavits filed support its theory of fraudulent inducement and raise material issues of fact. We disagree.

MLT, in response to InterFirst's motion for summary judgment, filed two affidavits by Danya McIntyre. Both of these affidavits were struck almost in their entirety by the trial court. MLT asserts no error in the action of the trial court in striking the affidavits. No objection is apparent from the record and no point of error is raised in the brief. Therefore, the propriety of the striking of the affidavits is not before this court. *See Hixson v. Pride of Texas Distributing Co.*, 683 S.W.2d 173, 177 (Tex. App.—Fort Worth 1985, no writ) (unassigned error cannot be considered by this court).

Without the affidavits, MLT has no summary judgment evidence before this court. Appellants' only other documents in the record are their pleadings and response to summary judgment. This is not competent summary judgment evidence. *See Americana Motel, Inc. v. Johnson*, 610 S.W.2d 143 (Tex.1980). Unsupported allegations of affirmative defenses are not sufficient to withstand a motion for summary judgment. *See Clark v. Dedina*, 658 S.W.2d 293, 296 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd). It should be noted that in support of this point of error MLT quotes extensive passages of its affidavits. With the exception of two sen-

---

1. Appellants' point of error two urges that severance of the claim from MLT's counterclaim was improper. At oral argument appellants withdrew this point. Therefore, we do not consider this point.

tences, all quoted material was struck from the affidavits by the trial court.

■ This court cannot consider the stricken material as evidence where the propriety of the motion to strike is not at issue. Where evidence has been held to be inadmissible and that holding has not been challenged on appeal, this court cannot consider the excluded evidence. *See Talbott v. Hogg,* 298 S.W.2d 883, 889 (Tex.Civ.App.— Amarillo 1957, writ dism'd). Where excluded evidence is not the subject of a point of error, "plaintiffs have waived any right to complain about the exclusion." *Id.*

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

■ In the case at bar we find that InterFirst met its burden of proof. In support for its motion for summary judgment InterFirst submitted copies of the guaranty agreement and the promissory note. Also submitted was an affidavit by Glen Strittmatter. Strittmatter's affidavit sets forth all of the elements necessary to recover on an action under the guaranty contract. We therefore overrule MLT's first point of error.

■ MLT's third point of error alleges that the trial court erred in granting summary judgment in favor of InterFirst in that an agreed order entered in bankruptcy court established a novation between the bankrupt obligor and InterFirst, excusing MLT as guarantor. Again, when the affidavits of the appellants were struck, all summary judgment evidence in its favor disappeared, including the bankruptcy order attached to one of the affidavits as an exhibit. The trial court correctly entered judgment in favor of InterFirst, because InterFirst presented adequate summary judgment evidence. In addition, the guaranty contract provides that appellants' liability thereon cannot be altered by other agreements. Appellants' third point of error is overruled.

Judgment of the trial court is affirmed.