VERN AUER, JAMES DEAR, LISA DAVIS AND DOUG FRASER V. BOB B. THOMAS, ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-246-CV

VERN BAUER, JAMES DEAR, APPELLANTS

LISA DAVIS AND DOUG FRASER

V.

BOB B. THOMAS AND 

THOMAS FLYERS, INC. APPELLEES

------------

FROM THE 17
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellants Vern Bauer, James Dear, Lisa Davis and Doug Fraser sued Appellees Bob Thomas and Thomas Flyers, Inc. for breach of an employment contract and for fraudulent misrepresentations, claiming that Appellees wrongfully terminated their employment.  Appellees filed a no-evidence summary judgment which the trial court granted.  

Appellants raise seventeen points on appeal, contending that the trial court erred in granting Appellees’ motion for summary judgment because:  1) 

the summary judgment evidence establishes that Appellees had limited discretion to terminate Appellants and breached the written employment contract; 2) the summary judgment evidence establishes that Appellants were not employees “at-will;” 3-5) the record reflects evidence of a sufficient caliber to raise an issue as to whether or not Appellants Dear, Davis and Fraser were party to and/or third party beneficiaries of the employment contract; 6) the record reflects evidence of a sufficient caliber to establish that Thomas Flyers, Inc. did not have good cause to terminate the contract; 7) the trial court erred in granting summary judgment; 8) the record reflects legally sufficient evidence to establish that Appellees’ made misrepresentations to Appellants that Thomas Flyers, Inc. had a carrier base sufficient to transport Appellants’ customers’ freight, that available truckloads would be posted to a computer system that would enable Appellants to broker such loads to trucking companies or independent operators, that Appellants would receive automobile allowances, that Appellants would be provided with profit and loss statements, and that Appellees were financially stable and would continue the new undertaking until such time as $100,000 was expended; 9) the record reflects evidence of a sufficient caliber to establish that Appellees made promises of future performance with no intention of performing at the time the promises were made; 10) the record reflects legally sufficient evidence to establish that Appellees made material misrepresentations; 11) the summary judgment evidence establishes genuine issues of material facts regarding whether Appellees made representations without knowledge of the truth of such representations; 12) the record reflects sufficient evidence to establish that Appellees made false representations; 13) the summary judgment evidence establishes that Appellees made material misrepresentations to Vern Bauer with the intention that he rely on the misrepresentation; 14-16) the record reflects sufficient evidence to establish that Appellees made representations to Appellants Dear, Davis, and Fraser; and 17) the evidence establishes genuine issues of material fact regarding damages suffered by Vern Bauer as a result of the representations made by Appellees.  We affirm the trial court’s judgment.

FACTS

On April 22, 1997, Bob Thomas (Thomas) and Vern Bauer (Bauer) signed a business agreement that established a Fort Worth office for Thomas Flyers, Inc.  The agreement established the basic makeup of the office staff, the wages that were to be paid for the initial employees, the benefit packages for these employees, and the determination of bonus packages.  The agreement also had a clause that gave projected revenues for the business and stated that “[u]nder no circumstances will B.T. (Thomas Flyers, Inc.) be obligated to continue this agreement if the enterprise experiences a loss of $100,000.00 or more.”  Bauer hired James Dear, Lisa Davis, and Doug Fraser
 to fill the positions created in the agreement.  After a few months of operation, Thomas closed the Fort Worth office.   

Appellants sued Thomas and Thomas Flyers, Inc. claiming that Thomas had signed an employment contract with them and could not fire them until the company reached the hundred-thousand-dollar loss mentioned in the agreement.  Because the company had only lost thirty-seven thousand dollars, Appellants claimed that Thomas had breached the contract and committed material misrepresentations.  Appellees filed a motion for a no-evidence summary judgment claiming that there was no evidence of an employment contract between Appellants and Appellees 
and arguing that consequently, Appellants could not recover on their breach of contract claim or their misrepresentation claim.  Appellants filed a response to the summary judgment and attached affidavits from Bauer, Dear, Davis, and Fraser.  Appellees then filed objections to portions of Appellants’ affidavits.  Appellants failed to respond to the objections or file an amended response to the motion for summary judgment.  The trial court then sustained the objections, struck the objected portions of the affidavits, and granted the summary judgment.

STANDARD OF REVIEW

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; In re Mohawk Rubber Co.,
 982 S.W.2d 494, 497-98 (Tex. App.—Texarkana 1998, orig. proceeding).
  
The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) cmt.; 
Moore v. K Mart Corp.,
 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied); 
Jackson v. Fiesta Mart, Inc.,
 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.).

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict.  
Frazier v. Yu
, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, pet. denied)
; Moore,
 981 S.W.2d at 269.
  We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered, disregarding all contrary evidence and inferences.  
Szczepanik v. First S. Trust 

Co.,
 883 S.W.2d 648, 649 (Tex. 1994).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore
, 981 S.W.2d at 269. 

BREACH OF CONTRACT

In Appellants’ points one through six, they claim that Appellees have breached an employment contract with them and therefore Appellants are entitled to damages.  In their seventh point, they argued that the trial court erred in granting the summary judgment.  Because the arguments from the first seven points are presented in one cohesive section, w
e construe this seventh point as a global complaint encompassing points one through six.  
See
 T
EX
. R. A
PP
. P. 38.1(e), 38.9.  Appellees respond by stating that there was no evidence of an employment contract changing Appellants’ at-will status.  As such, they could be fired for a good reason, bad reason, or no reason at all.  Before we can rule on these points, we must first determine if a valid employment contract was in existence which changed Appellants’ at-will status.

In Texas, the general rule is that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at-will for good cause, bad cause, or no cause at all.  
Montgomery County Hosp. Dist. v. Brown
, 965 S.W.2d 501, 502 (Tex. 1998); 
Fed. Express Corp. v. Dutschmann
, 846 S.W.2d 282, 283 (Tex. 1993); 
Sabine Pilot Serv., Inc. v. Hauck
, 687 S.W.2d 733, 734-35 (Tex. 1985).  There is a strong presumption in favor of “at-will” employment in Texas.  
See Montgomery
, 965 S.W.2d at 502; 
Runge v. Raytheon E-Sys., Inc
., 57 S.W.3d 562, 566 (Tex. App.—Waco 2001, no pet.); 
Stephens v. Dallas Area Rapid Transit
, 50 S.W.3d 621, 630 (Tex. App.—Dallas 2001, pet. denied) (op. on reh’g) (ruling that without a specific statement or written document that shows the employer’s intent to be bound to not terminate the employee, the “at-will” presumption controls).  To counter the presumption, Appellants must produce an agreement that unequivocally indicates Appellees’ intent to be bound not to terminate the employees except under clearly specified circumstances.  
Montgomery
, 965 S.W.2d at 502. 

Appellants have produced an agreement signed by Thomas and Bauer.  Appellants claim that the agreement amounts to an employment contract that alters their at-will relationship in this case.  Appellants point to a specific clause of the agreement that states, “[u]nder no circumstances will B.T. (Thomas Flyers, Inc.) be obligated to continue this agreement if the enterprise experiences a loss of $100,000.00 or more.”  Appellants claim that this clause restricts Appellees’ right to close the business or fire the employees until the 

company has lost over $100,000.  Appellants claim that this is the only reasonable interpretation of the clause.  Appellants alternatively allege that, the clause is ambiguous and creates a fact issue that would prevent summary judgment.  

Appellees respond by stating that the clause was intended to be a benchmark as to the success of the company and was never intended to be an employment contract.  Appellees alternatively argue that if we do find that the agreement does amount to an employment contract, only Bauer could claim protection under the contract because he was the only employee to sign it.  

The validity of an agreement purported to be an employment contract is governed by general contract principles.  
Id
.  When a court is called on to interpret a contract, the court will give plain meaning to the words used in the writing.  
City of Pinehurst v. Spooner Addition Water Co.
, 432 S.W.2d 515, 518-19 (Tex. 1968); 
Frady v. May
, 23 S.W.3d 558, 564 (Tex. App.—Fort Worth 2000, pet. denied).  Appellants state that the plain meaning of the clause in question is to limit the ability of Appellees to terminate their employment.  We disagree.

“It is the objective intent of the parties as reflected by the entire instrument that controls the meanings of the given words in a contract.”  
Frady
, 23 S.W.3d at 564.  The sentences directly above the challenged clause in the agreement state, “[b]oth parties to the agreement recognize that these figures are, at best, a guess as to the revenues this enterprise will operate.  However, these figures will be used as a bench mark to determine the success or failure of this endeavor.”  The stated intent of the entire agreement was to “hire throughout the United States to elevate [Thomas Flyers, Inc.] as a major Freight Transportation Broker and Logistics Company in the U.S.”

The purpose of the agreement was to establish a Fort Worth branch of Thomas Flyers, Inc.  The purpose of the contract was not to change the at-will status of the employees to be hired to fulfill the agreement.  The clause in question states that under no circumstances will the Appellees be bound to the agreement if the company were to lose over $100,000.  The clause does not state that the only way Appellees have the power to terminate the employees or shut down the office is for the company to lose over $100,000.  The clause in question does not show that Appellees “unequivocally indicate a definite intent to be bound not to terminate the employee.”  
Montgomery
, 965 S.W.2d at 502.  We hold that the clause in question was intended to provide a benchmark for the success of the company, and not to limit Appellees’ ability to terminate their employees.

We further hold that the clause is not ambiguous.  “Ambiguity does not 

arise simply because the parties advance conflicting interpretations of the contract; rather, for an ambiguity to exist, both interpretations must be reasonable.”  
Lopez v. Munoz, Hockema & Reed, L.L.P.
, 22 S.W.3d 857, 861 (Tex. 2000).  If we were to interpret the clause as a binding employment contract, as Appellants contend, we would be creating a situation where Appellants would potentially have jobs for life.  Appellees would not have the ability to terminate the Appellants unless the company were to lose over $100,000, even for good cause.  Even if Appellants were caught embezzling from the company, Appellees could not terminate Appellants’ employment.  This is not a reasonable interpretation of the agreement in question.  
See id.
  Because Appellants have not come forward with an alternative reasonable interpretation of the clause in question, we hold that the clause is not ambiguous.  

Without an employment contract which alters Appellants’ at-will status, Appellants had no evidence of a breach of employment contract claim, and the trial court committed no error in granting the summary judgment on this cause of action.  We overrule Appellants’ points one through seven.

FRAUDULENT INDUCEMENT

In Appellants’ points eight through seventeen, they contend that the trial court erred in granting the no-evidence summary judgment against them because material facts exist to prove their claim of fraudulent inducement.  Appellants claim that their response to summary judgment with attached affidavits contained enough evidence to defeat summary judgment.  Appellees respond that there is no proof that they had knowledge of the falsity or held reckless disregard for the truth of any statement made by them.  Appellees also claim that Appellants could not be fraudulently induced into a contract that does not exist. 

The Texas Supreme Court has held that the elements needed to prove fraudulent inducement are the same elements needed to prove common fraud.  
DeSantis v. Wackenhut Corp
., 793 S.W.2d 670, 688 (Tex. 1990) (op. on reh'g), 
cert. denied
, 498 U.S. 1048 (1991).  To recover for fraud, a plaintiff must establish each of the following elements:  1) that a material representation was made; 2) that it was false; 3) that when the speaker made it he knew it was false or he made it recklessly without any knowledge of its truth and as a positive assertion (also known as scienter); 4) that he made it with the intention that it should be acted upon by the plaintiff; 5) that the plaintiff acted in reliance upon the representation; and 6) that he thereby suffered injury. 
Johnson & Johnson Med., Inc. v. Sanchez
, 924 S.W.2d 925, 929-30 (Tex. 1996); 
DeSantis
, 793 S.W.2d at 688-89.  When the alleged fraud involves a 

promise to do an act in the future, the plaintiff must prove that, at the time the defendant made the promise, he had no intention of performing.  
T.O. Stanley Boot Co. v. Bank of El Paso
, 847 S.W.2d 218, 222 (Tex. 1992). 

In the present case, we can find no evidence that Appellees knew any representations made were false or that they made statements recklessly without any knowledge of their truth.  Appellants point us to their affidavits and claim that the affidavits are sufficient to raise a fact question for the jury.  However, major portions of the affidavits they point to for factual justification were stricken from the record by the trial court in response to objections made by Appellees.  Appellants did not challenge the objections in the trial court and have not appealed the trial judges actions to this court.  We therefore cannot consider the stricken portion of the affidavits in reviewing this case.  Without the affidavits, we may not consider the stricken material as evidence where the propriety of the motion to strike is not at issue.  
See Rhodes v. Interfirst Bank Fort Worth
, N.A., 719 S.W.2d 263, 265 (Tex. App.—Forth Worth 1986, no writ).  Where evidence has been held to be inadmissible and that holding has not been challenged on appeal, this court cannot consider the excluded evidence.  
See id.
; 
Talbott v. Hogg
, 298 S.W.2d 883, 889 (Tex. Civ. App.—Amarillo 1957, writ dism’d).

After reviewing the non-stricken portion of the affidavits, we find that Appellants provided no evidence of scienter.  While Appellants claimed in their response to summary judgment that Appellees were aware that the statements made were false, Appellants’ attached affidavits did not give any evidence to support the claim.  In the affidavit of Bauer, he states that an agreement was made in April of 1997 which was a joint effort between himself and Thomas.  He claims that representations were made by Thomas but never states that the representations were known to be false, or that Thomas made the statement recklessly without any knowledge of its truth.  Finally, Bauer states that he hired Dear, Davis and Fraser.  Dear, Davis and Fraser gave identical affidavits that stated their names, that they were previously employed at Viking Transportation, and that Bauer made a representation to them.  

Appellants presented no evidence to show that any representation was false.  Without proof of scienter, Appellants could not maintain a cause of action for fraud.  
See Sanchez
, 924 S.W.2d at 929-30.  As such, the trial court did not err in granting summary judgment on Appellants fraud claims. 

Having found that there was no evidence in the record of scienter to support any claim for fraud, we overrule Appellants’ points eight through seventeen.

CONCLUSION

Having overruled all of Appellants’ points on appeal, we affirm the trial courts’ judgment.

SAM J. DAY

JUSTICE

PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.

[DELIVERED: JANUARY 9, 2003]

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.