COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-246-CV
 
VERN BAUER, JAMES
DEAR,                                                            
APPELLANTS
LISA DAVIS AND DOUG FRASER
V.
BOB B. THOMAS
AND                                                                        
APPELLEES
THOMAS FLYERS, INC.
------------
FROM THE 17TH DISTRICT
COURT OF TARRANT COUNTY
------------
MEMORANDUM
OPINION
(1)
------------
Appellants Vern Bauer, James Dear, Lisa
Davis and Doug Fraser sued Appellees Bob Thomas and Thomas Flyers, Inc. for
breach of an employment contract and for fraudulent misrepresentations, claiming
that Appellees wrongfully terminated their employment. Appellees filed a
no-evidence summary judgment which the trial court granted.
Appellants raise seventeen points on
appeal, contending that the trial court erred in granting Appellees' motion for
summary judgment because: 1) the summary judgment evidence establishes that
Appellees had limited discretion to terminate Appellants and breached the
written employment contract; 2) the summary judgment evidence establishes that
Appellants were not employees "at-will;" 3-5) the record reflects
evidence of a sufficient caliber to raise an issue as to whether or not
Appellants Dear, Davis and Fraser were party to and/or third party beneficiaries
of the employment contract; 6) the record reflects evidence of a sufficient
caliber to establish that Thomas Flyers, Inc. did not have good cause to
terminate the contract; 7) the trial court erred in granting summary judgment;
8) the record reflects legally sufficient evidence to establish that Appellees'
made misrepresentations to Appellants that Thomas Flyers, Inc. had a carrier
base sufficient to transport Appellants' customers' freight, that available
truckloads would be posted to a computer system that would enable Appellants to
broker such loads to trucking companies or independent operators, that
Appellants would receive automobile allowances, that Appellants would be
provided with profit and loss statements, and that Appellees were financially
stable and would continue the new undertaking until such time as $100,000 was
expended; 9) the record reflects evidence of a sufficient caliber to establish
that Appellees made promises of future performance with no intention of
performing at the time the promises were made; 10) the record reflects legally
sufficient evidence to establish that Appellees made material
misrepresentations; 11) the summary judgment evidence establishes genuine issues
of material facts regarding whether Appellees made representations without
knowledge of the truth of such representations; 12) the record reflects
sufficient evidence to establish that Appellees made false representations; 13)
the summary judgment evidence establishes that Appellees made material
misrepresentations to Vern Bauer with the intention that he rely on the
misrepresentation; 14-16) the record reflects sufficient evidence to establish
that Appellees made representations to Appellants Dear, Davis, and Fraser; and
17) the evidence establishes genuine issues of material fact regarding damages
suffered by Vern Bauer as a result of the representations made by Appellees. We
affirm the trial court's judgment.
FACTS
On April 22, 1997, Bob Thomas (Thomas) and
Vern Bauer (Bauer) signed a business agreement that established a Fort Worth
office for Thomas Flyers, Inc. The agreement established the basic makeup of the
office staff, the wages that were to be paid for the initial employees, the
benefit packages for these employees, and the determination of bonus packages.
The agreement also had a clause that gave projected revenues for the business
and stated that "[u]nder no circumstances will B.T. (Thomas Flyers, Inc.)
be obligated to continue this agreement if the enterprise experiences a loss of
$100,000.00 or more." Bauer hired James Dear, Lisa Davis, and Doug Fraser
to fill the positions created in the agreement. After a few months of operation,
Thomas closed the Fort Worth office.
Appellants sued Thomas and Thomas Flyers,
Inc. claiming that Thomas had signed an employment contract with them and could
not fire them until the company reached the hundred-thousand-dollar loss
mentioned in the agreement. Because the company had only lost thirty-seven
thousand dollars, Appellants claimed that Thomas had breached the contract and
committed material misrepresentations. Appellees filed a motion for a
no-evidence summary judgment claiming that there was no evidence of an
employment contract between Appellants and Appellees and arguing that
consequently, Appellants could not recover on their breach of contract claim or
their misrepresentation claim. Appellants filed a response to the summary
judgment and attached affidavits from Bauer, Dear, Davis, and Fraser. Appellees
then filed objections to portions of Appellants' affidavits. Appellants failed
to respond to the objections or file an amended response to the motion for
summary judgment. The trial court then sustained the objections, struck the
objected portions of the affidavits, and granted the summary judgment.
STANDARD OF REVIEW
After an adequate time for discovery, the
party without the burden of proof may, without presenting evidence, move for
summary judgment on the ground that there is no evidence to support an essential
element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion
must specifically state the elements for which there is no evidence. Id.; In
re Mohawk Rubber Co., 982 S.W.2d 494, 497-98 (Tex. App.--Texarkana 1998,
orig. proceeding). The trial court must grant the motion unless the nonmovant
produces summary judgment evidence that raises a genuine issue of material fact.
See Tex. R. Civ. P. 166a(i) cmt.; Moore v. K Mart Corp., 981
S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied); Jackson v.
Fiesta Mart, Inc., 979 S.W.2d 68, 71 (Tex. App.--Austin 1998, no pet.).
A no-evidence summary judgment is
essentially a pretrial directed verdict, and we apply the same legal sufficiency
standard in reviewing a no-evidence summary judgment as we apply in reviewing a
directed verdict. Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort
Worth 1999, pet. denied); Moore, 981 S.W.2d at 269. We review the
evidence in the light most favorable to the party against whom the no-evidence
summary judgment was rendered, disregarding all contrary evidence and
inferences. Szczepanik v. First S. Trust Co., 883 S.W.2d 648, 649 (Tex.
1994). If the nonmovant brings forward more than a scintilla of probative
evidence that raises a genuine issue of material fact, then a no-evidence
summary judgment is not proper. Moore, 981 S.W.2d at 269.
BREACH OF CONTRACT
In Appellants' points one through six,
they claim that Appellees have breached an employment contract with them and
therefore Appellants are entitled to damages. In their seventh point, they
argued that the trial court erred in granting the summary judgment. Because the
arguments from the first seven points are presented in one cohesive section, we
construe this seventh point as a global complaint encompassing points one
through six. See TEX. R. APP.
P. 38.1(e), 38.9. Appellees respond by stating that there was no evidence of an
employment contract changing Appellants' at-will status. As such, they could be
fired for a good reason, bad reason, or no reason at all. Before we can rule on
these points, we must first determine if a valid employment contract was in
existence which changed Appellants' at-will status.
In Texas, the general rule is that absent a specific agreement to the
contrary, employment may be terminated by the employer or the employee at-will
for good cause, bad cause, or no cause at all. Montgomery
County Hosp. Dist. v. Brown, 965 S.W.2d 501, 502 (Tex. 1998); Fed.
Express Corp. v. Dutschmann, 846 S.W.2d 282, 283 (Tex. 1993); Sabine
Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 734-35 (Tex. 1985). There is a
strong presumption in favor of "at-will" employment in Texas. See
Montgomery, 965 S.W.2d at 502; Runge v. Raytheon E-Sys.,
Inc., 57 S.W.3d 562, 566 (Tex. App.--Waco 2001, no pet.); Stephens
v. Dallas Area Rapid Transit, 50 S.W.3d 621, 630 (Tex. App.--Dallas 2001,
pet. denied) (op. on reh'g) (ruling that without a specific statement or written
document that shows the employer's intent to be bound to not terminate the
employee, the "at-will" presumption controls). To counter the
presumption, Appellants must produce an agreement that unequivocally indicates
Appellees' intent to be bound not to terminate the employees except under
clearly specified circumstances. Montgomery, 965 S.W.2d at
502.
Appellants have produced an agreement signed by Thomas and Bauer.
Appellants claim that the agreement amounts to an employment contract that
alters their at-will relationship in this case. Appellants point to a specific
clause of the agreement that states, "[u]nder no circumstances will B.T.
(Thomas Flyers, Inc.) be obligated to continue this agreement if the enterprise
experiences a loss of $100,000.00 or more." Appellants claim that this
clause restricts Appellees' right to close the business or fire the employees
until the company has lost over $100,000. Appellants claim that this is the only
reasonable interpretation of the clause. Appellants alternatively allege that,
the clause is ambiguous and creates a fact issue that would prevent summary
judgment.
Appellees respond by stating that the clause was intended to be a
benchmark as to the success of the company and was never intended to be an
employment contract. Appellees alternatively argue that if we do find that the
agreement does amount to an employment contract, only Bauer could claim
protection under the contract because he was the only employee to sign it.
The validity of an agreement purported to be an employment contract is
governed by general contract principles. Id. When a court
is called on to interpret a contract, the court will give plain meaning to the
words used in the writing. City of Pinehurst v. Spooner
Addition Water Co., 432 S.W.2d 515, 518-19 (Tex. 1968); Frady
v. May, 23 S.W.3d 558, 564 (Tex. App.--Fort Worth 2000, pet. denied).
Appellants state that the plain meaning of the clause in question is to limit
the ability of Appellees to terminate their employment. We disagree.
"It is the objective intent of the parties as reflected by the
entire instrument that controls the meanings of the given words in a
contract." Frady, 23 S.W.3d at 564. The sentences
directly above the challenged clause in the agreement state, "[b]oth
parties to the agreement recognize that these figures are, at best, a guess as
to the revenues this enterprise will operate. However, these figures will be
used as a bench mark to determine the success or failure of this endeavor."
The stated intent of the entire agreement was to "hire throughout the
United States to elevate [Thomas Flyers, Inc.] as a major Freight Transportation
Broker and Logistics Company in the U.S."
The purpose of the agreement was to establish a Fort Worth branch of
Thomas Flyers, Inc. The purpose of the contract was not to change the at-will
status of the employees to be hired to fulfill the agreement. The clause in
question states that under no circumstances will the Appellees be bound to the
agreement if the company were to lose over $100,000. The clause does not state
that the only way Appellees have the power to terminate the employees or shut
down the office is for the company to lose over $100,000. The clause in question
does not show that Appellees "unequivocally indicate a definite intent to
be bound not to terminate the employee." Montgomery,
965 S.W.2d at 502. We hold that the clause in question was intended to provide a
benchmark for the success of the company, and not to limit Appellees' ability to
terminate their employees.
We further hold that the clause is not ambiguous. "Ambiguity does
not arise simply because the parties advance conflicting interpretations of the
contract; rather, for an ambiguity to exist, both interpretations must be
reasonable." Lopez v. Munoz, Hockema & Reed, L.L.P.,
22 S.W.3d 857, 861 (Tex. 2000). If we were to interpret the clause as a binding
employment contract, as Appellants contend, we would be creating a situation
where Appellants would potentially have jobs for life. Appellees would not have
the ability to terminate the Appellants unless the company were to lose over
$100,000, even for good cause. Even if Appellants were caught embezzling from
the company, Appellees could not terminate Appellants' employment. This is not a
reasonable interpretation of the agreement in question. See id.
Because Appellants have not come forward with an alternative reasonable
interpretation of the clause in question, we hold that the clause is not
ambiguous.
Without an employment contract which alters Appellants' at-will status,
Appellants had no evidence of a breach of employment contract claim, and the
trial court committed no error in granting the summary judgment on this cause of
action. We overrule Appellants' points one through seven.
FRAUDULENT INDUCEMENT
In Appellants' points eight through seventeen, they contend that the
trial court erred in granting the no-evidence summary judgment against them
because material facts exist to prove their claim of fraudulent inducement.
Appellants claim that their response to summary judgment with attached
affidavits contained enough evidence to defeat summary judgment. Appellees
respond that there is no proof that they had knowledge of the falsity or held
reckless disregard for the truth of any statement made by them. Appellees also
claim that Appellants could not be fraudulently induced into a contract that
does not exist.
The Texas Supreme Court has held that the elements needed to prove
fraudulent inducement are the same elements needed to prove common fraud. DeSantis
v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990) (op. on reh'g), cert.
denied, 498 U.S. 1048 (1991). To recover for fraud, a plaintiff must
establish each of the following elements: 1) that a material representation was
made; 2) that it was false; 3) that when the speaker made it he knew it was
false or he made it recklessly without any knowledge of its truth and as a
positive assertion (also known as scienter); 4) that he made it with the
intention that it should be acted upon by the plaintiff; 5) that the plaintiff
acted in reliance upon the representation; and 6) that he thereby suffered
injury. Johnson & Johnson Med., Inc. v. Sanchez, 924
S.W.2d 925, 929-30 (Tex. 1996); DeSantis, 793 S.W.2d at
688-89. When the alleged fraud involves a promise to do an act in the future,
the plaintiff must prove that, at the time the defendant made the promise, he
had no intention of performing. T.O. Stanley Boot Co. v. Bank
of El Paso, 847 S.W.2d 218, 222 (Tex. 1992).
In the present case, we can find no evidence that Appellees knew any
representations made were false or that they made statements recklessly without
any knowledge of their truth. Appellants point us to their affidavits and claim
that the affidavits are sufficient to raise a fact question for the jury.
However, major portions of the affidavits they point to for factual
justification were stricken from the record by the trial court in response to
objections made by Appellees. Appellants did not challenge the objections in the
trial court and have not appealed the trial judges actions to this court. We
therefore cannot consider the stricken portion of the affidavits in reviewing
this case. Without the affidavits, we may not consider the stricken material as
evidence where the propriety of the motion to strike is not at issue. See
Rhodes v. Interfirst Bank Fort Worth, N.A., 719 S.W.2d 263, 265 (Tex.
App.--Forth Worth 1986, no writ). Where evidence has been held to be
inadmissible and that holding has not been challenged on appeal, this court
cannot consider the excluded evidence. See id.; Talbott
v. Hogg, 298 S.W.2d 883, 889 (Tex. Civ. App.--Amarillo 1957, writ dism'd).
After reviewing the non-stricken portion of the affidavits, we find
that Appellants provided no evidence of scienter. While Appellants claimed in
their response to summary judgment that Appellees were aware that the statements
made were false, Appellants' attached affidavits did not give any evidence to
support the claim. In the affidavit of Bauer, he states that an agreement was
made in April of 1997 which was a joint effort between himself and Thomas. He
claims that representations were made by Thomas but never states that the
representations were known to be false, or that Thomas made the statement
recklessly without any knowledge of its truth. Finally, Bauer states that he
hired Dear, Davis and Fraser. Dear, Davis and Fraser gave identical affidavits
that stated their names, that they were previously employed at Viking
Transportation, and that Bauer made a representation to them.
Appellants presented no evidence to show that any representation was
false. Without proof of scienter, Appellants could not maintain a cause of
action for fraud. See Sanchez, 924 S.W.2d at 929-30. As
such, the trial court did not err in granting summary judgment on Appellants
fraud claims.
Having found that there was no evidence in the record of scienter to
support any claim for fraud, we overrule Appellants' points eight through
seventeen.
CONCLUSION
Having overruled all of Appellants' points on appeal, we affirm the
trial courts' judgment.
 
SAM J. DAY
JUSTICE
PANEL A: CAYCE, C.J.; DAY and GARDNER, JJ.
[DELIVERED: JANUARY 9, 2003]

1. See Tex.
R. App. P. 47.4.