NUMBER 13-08-00214-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


GREGORY A. BEAVERS, ET AL., Appellants,


v.
 


ALUMINIUM COMPANY OF AMERICA, ET AL., Appellees.

 


On appeal from the 347th District Court 


of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 This is a negligence, gross negligence, and strict liability action filed by appellants, (1)
former employees asserting asbestos-related claims against product manufacturers,
premises owners, equipment manufacturers, and contractors. Appellants appeal the trial
court's granting of a no-evidence summary judgment in favor of several appellees. (2) By one
issue, appellants contend that the trial court erred when it granted summary judgment in
favor of appellees. We affirm.

I. Background (3)

 Appellants filed their fifth amended petition on June 25, 2004, alleging, inter alia,
negligence, gross negligence, and strict liability claims against 143 defendants, some of
which are appellees in this appeal. Throughout May and June 2004, appellees filed no-evidence motions for summary judgment arguing, among other things, that appellants had
presented no evidence of causation, strict liability, duty, breach, premises liability, and/or
gross negligence. On June 18, 2004, appellants filed a collective response attaching
evidence as exhibits. In reply, appellees filed objections to the evidence and motions to
strike. (4) On June 24, 2004, appellants filed a collective response to appellees' replies.

 On June 25, 2004, the trial court heard and considered appellees' no-evidence
motions, appellants' responses, and appellees' objections and motions to strike appellants'
summary judgment evidence. At the hearing, finding all of appellants' summary judgment
evidence to be inadmissible, the trial court sustained appellees' objections. According to
appellees, at the hearing, the trial court also orally granted appellees' no-evidence motions
for summary judgment on the basis of its evidentiary ruling striking all of appellants'
summary judgment evidence. Appellants do not dispute these facts. See Tex. R. App. P.
38.1(g).

 On July 15, 2004, the trial court signed and entered a final judgment sustaining
appellees' objections and motions to strike appellants' responses and exhibits and ordering
all of appellants' summary judgment evidence stricken. The trial court ordered that, even
if appellants' responses and exhibits were not stricken, such evidence was legally
insufficient to overcome appellees' no-evidence motions for summary judgment. The trial
court then granted appellees' no-evidence motions for summary judgment and rendered
judgment that appellants take nothing from these appellees. Finally, appellants' claims and
causes of action against appellees were severed out and docketed as a separate action,
trial court cause number 04-3820-H. (5) Appellants appeal from the trial court's judgment.

II. Discussion

 By a single issue, appellants contend that the trial court erred when it granted
summary judgment. They assert that there was sufficient evidence in the summary
judgment record to demonstrate the existence of a genuine issue of material fact, thus,
summary judgment was not proper.

 Appellants filed their notice of appeal and requested that the district clerk include
their responses dated June 18 and June 24, 2004, as part of the appellate record. When
the record was filed, however, appellants' responses and attached evidence were not
included. Appellants note in their brief that they "filed contemporaneously with their Brief
a Motion to allow amended briefing out of time, to allow them to correct the Clerk's Record
and supplement this Brief with citations to the Clerk's Record." This Court has received
no such motion from appellants, and the appellate record has not been supplemented with
the stricken documents.

 Moreover, "[w]here evidence has been held to be inadmissible and that holding has
not been challenged on appeal, this [C]ourt cannot consider the excluded evidence." 
Taylor-Made Hose v. Wilkerson, 21 S.W.3d 484, 493 (Tex. App.-San Antonio 2000, pet.
denied) (op. on reh'g) (en banc) (quoting Frazier v. Yu, 987 S.W.2d 607, 610 (Tex.
App.-Fort Worth 1999, writ denied) and citing Inglish v. Prudential Ins. Co., 928 S.W.2d
702, 706 (Tex. App.-Houston [1st Dist.] 1996, writ denied) (op. on reh'g); Rhodes v.
Interfirst Bank Fort Worth, N.A., 719 S.W.2d 263, 265 (Tex. App.-Fort Worth 1986, no
writ); Talbott v. Hogg, 298 S.W.2d 883, 889 (Tex. Civ. App.-Amarillo 1957, writ dism'd)). 
"Where excluded evidence is not the subject of a point of error, 'plaintiffs have waived any
right to complain about the exclusion.'" Rhodes, 719 S.W.2d at 265 (quoting Talbott, 298
S.W.2d at 889). Appellants do not now assert that the trial court erred by striking the
evidence, thus they have waived any right to complain about the exclusion. (6) See id.

 In a no-evidence summary judgment case, the nonmovant, here the plaintiffs, "must
produce summary judgment evidence raising a genuine issue of material fact to defeat the
summary judgment under [section 166a(i)]." Ford Motor Co. v. Ridgway, 135 S.W.3d 598,
600 (Tex. 2004) (citing Tex. R. Civ. P. 166a(i)). "A genuine issue of material fact exists if
more than a scintilla of evidence establishing the existence of the challenged element is
produced." Id. (citing Morgan v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000)). Without the
stricken evidence, appellants have no summary judgment evidence before this Court; they
have failed to produced more than a scintilla of evidence establishing the existence of any
element of their claims. See id.

 Accordingly, the trial court did not err in granting appellees' motions for no-evidence
summary judgment. We overrule appellants' sole issue.

III. Conclusion

 We affirm the judgment of the trial court.

 

 

 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 

11th day of March, 2010.
1. Appellants are Gregory A. Beavers; Alfredo A. Aguilar; Juan R. Curiel; Humberto De La Vina; Lazaro
F. Garcia; Consuelo G. Gutierrez, individually and as representative of the estate of Alfredo C. Gutierrez;
David C. Rodriguez; Gerald D. Sheets; Samuel S. Steele; and Nabbie Roberts, individually and as
representative of the estate of Raymond J. Roberts.
2. Appellees are A. O. Smith Corporation; Anadarko E&P Company, LP, f/k/a and sued as RME
Petroleum Company f/k/a Union Pacific Resources Company f/k/a Champlin Petroleum Company, individually
and as successor by merger to Pontiac Refining Corporation; Atlantic Richfield Company; Union Carbide
Corporation; H. B. Fuller Company; Foster Products Corporation, individually and as successor in interest to
Childers Products Company, Inc.; Aventis Animal Nutrition, Inc., individually and as successor in interest to
Rhone-Poulenc AG Company, Inc. and Union Carbide Chemicals and Plastics Co., Inc.; Bayer Cropscience,
Inc., individually and as successor in interest to Rhone-Paulenc AG Company, Inc. and Union Carbide
Chemicals and Plastics Co., Inc.; Certainteed Corporation; Lamons Metal Gasket Company; E.I. Du Pont de
Nemours and Company; General Electric Company; Kelly-Moore Paint Company, Inc.; Georgia-Pacific LLC
f/k/a Georgia-Pacific Corporation; Goodrich Corporation f/k/a The B.F. Goodrich Company, individually and
as successor in interest to Garlock, Inc.; Lockheed Martin Corporation, individually and as successor in
interest to Martin Marietta Corporation, Martin Marietta Materials, Inc., and Martin Marietta Cement, Inc.;
Pharmacia Corporation f/k/a Monsanto Company; Shell Oil Company, Inc.; Saint-Gobain Abrasives, Inc. f/k/a
Norton Company; Norton Company (Safety Products Division-USA Norton Company), individually and as
successor in interest to Welsh and Welsh, a Division of Textron; Sears, Roebuck and Co.; CBS Corporation,
a Delaware Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania
Corporation, f/k/a Westinghouse Electric Corporation; Sepco Corporation; Weil McLain, incorrectly named
as SPX Corporation, individually and as successor to United Dominion Industries, The Marley Company,
Wylain, Inc., Weil McLain, a Division of Wylain, Inc., and Weil McLain Company; Goodyear Tire & Rubber
Company; ConocoPhillips Company f/k/a Phillips Petroleum Company and Phillips Petroleum Company;
G.H.X., Incorporated, individually and as successor in interest to Houston Gasket & Packing Company,
Corpus Christi Rubber & Gasket Company, and Corpus Christi Rubber and Specialty Company; Beazer East,
Inc.; Corpus Christi Gasket & Fastener, Ltd.; Bechtel Corporation; Aqua-Chem, Inc. d/b/a Cleaver-Brooks
Division; The Dow Chemical Company; Lamons Metal Gasket Company; A. W. Chesterton Company; Garlock
Sealing Technologies LLC, individually and as successor in interest to Garlock, Inc.; EnPro Industries,
individually and as successor in interest to Garlock, Inc.; Anchor Packing Company; The Okonite Company;
Reynolds Metals Company; Garlock, Inc.; Fluor Enterprises, individually and as successor in interest to Fluor
Daniel, Inc., Fluor Engineers, Inc., and Fluor Engineers and Constructors, Inc.; Fluor Corporation; Zurn
Industries, Inc., individually and as successor in interest to Erie City Iron Works, Inc.;Teadit, N.A., Inc.; Alcoa,
Inc.; Aluminum Company of America and/or as successor by merger and/or successor in interest to Reynolds
Metals Company; American Optical Corporation; AstenJohnson, Inc. a/k/a Asten Group, Inc., individually and
as successor in interest to Asten Group, Inc. and Asten, Inc.; Asten, Inc. d/b/a Asten Group, Inc.; Rapid
American Corporation; Superior Boiler Works, Inc.; and Asarco Incorporated f/k/a American Smelting &
Refining Company.
3. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4.
4. For example, appellees objected that various reports and articles constituted unauthenticated and
inadmissible hearsay. They also objected that certain "expert" depositions constituted inadmissible hearsay,
failed to qualify under rule 702 or rule 804(b)(1) of the Texas Rules of Evidence, and failed the admissibility
standards dictated by E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549 (Tex. 1995) and Merrell
Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706 (Tex. 1997). Further, they complained that plaintiff
and coworker depositions and affidavits constituted inadmissible hearsay, were not based on personal
knowledge, and failed to qualify under rule 804(b)(1).
5. The trial court also severed into cause number 04-3820-H all claims and causes of action against
these appellees which had previously been resolved by non-suit or dismissal, as well as dismissals ordered
by the trial court regarding claims for contribution and indemnity.
6. Appellants state in their argument summary that "[i]t was error for the trial court to strike the
Appellants' evidence from the summary judgment record." In support of this statement, they advance no
substantive legal analysis or argument in that summary or in the argument section of their brief. In the
argument section, after citing authority, appellants do urge that "[i]t is incumbent on the objecting party to
obtain the court's ruling on the objections before the court rules on the motion and have the ruling
memorialized by a written order," and "[w]hen an objection is sustained, the opposing party must be given an
opportunity to amend the instrument to cure the defect, if possible." However, appellants provide neither a
factual basis nor a substantive analysis addressing how these principles of law were violated here. "It would
be inappropriate for this [C]ourt to speculate as to what appellant[s] may have intended to raise as an error
by the trial court on appeal. To do so would force this [C]ourt to stray from our role as a neutral adjudicator
and become an advocate for appellant[s]." Canton-Carter v. Baylor College of Med., 271 S.W.3d 928, 931
(Tex. App.-Houston [14th Dist.] 2008, no pet.). Therefore, even if appellants properly raised this issue, we
would conclude that it has been inadequately briefed. See Tex. R. App. P. 38.1(i) (providing that a brief must
contain "a clear and concise argument that includes appropriate citations to legal authority and to the appellate
record"); Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.-El Paso 2007, no pet.).