

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00056-CV

DIPANKAR CHANDRA, Appellant

V.

LEONARDO DRS, INC., AND DRS NETWORK & IMAGING SERVICES, LLC, Appellees

On Appeal from the 116th District Court
Dallas County, Texas
Trial Court No. DC-19-03484

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Dipankar Chandra acted pro se in his attempt to prosecute a toxic tort claim in Dallas County[1] against his former employer, Leonardo DRS, Inc., and DRS Network & Imaging Services, Inc. (collectively DRS), alleging that his on-the-job, regular exposure to dangerous chemicals, including mercury telluride and cadmium telluride, caused his colon and prostate cancer and other resulting damages.[2] The trial court, after granting DRS's traditional and no-evidence motion for summary judgment, entered a take-nothing judgment against Chandra. Chandra appeals. Because we conclude that the trial court's no-evidence summary judgment was proper, we affirm its judgment.

*Factual and Procedural Background*

DRS filed a motion for summary judgment containing both traditional and no-evidence elements. The traditional portion of its motion argued that Chandra's claims were barred by the Texas Workers Compensation Act's exclusive remedy provisions and that Chanda's claims revolving around his 2006 colon-cancer diagnosis were barred by the statute of limitations. The no-evidence portion of the motion argued that Chandra had no proof of either specific or general causation between exposure to cadmium and mercury telluride and the development of his colon and prostate cancers.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[2]Chandra's employment with DRS was terminated in 2009.

Chandra's response to DRS's summary judgment motion attached his own affidavit stating that "[c]olon and prostate cancer are clearly tied to cadmium exposures in scientific literature," that two co-workers had also been diagnosed with colon cancer, and that "scientific literature indicated that prostate cancer is a slow growth cancer which can develop over a ten year period after exposure to deadly chemicals." Chandra also attached "studies [he] found online" that discussed links between such exposures and various cancers.[3] DRS objected to Chandra's affidavit, which it described as "simply a bald assertion of Plaintiff's personal opinion" and as conclusory, lacking in personal knowledge, and containing hearsay. DRS also objected to the articles attached to Chandra's affidavit because they were incomplete, were not properly authenticated, were not demonstrated to be reliable, and did not establish causation of Chandra's damages. As a result, DRS asked the trial court to strike Chandra's summary judgment evidence. The trial court sustained DRS's objections to the affidavit and articles and struck them from consideration as summary judgment evidence. It then granted DRS's traditional and no-evidence motion and entered a take-nothing judgment against Chandra.

---

[3]The attached articles included these items: (1) the abstract portion of an article titled "Review Cadmium carcinogenesis" that was published in the "Mutation Research/Fundamental and Molecular Mechanisms of Mutagenesis," which stated, "Cadmium exposure has also been linked to human prostate and renal cancer, although this linkage is weaker than for lung cancer"; (2) the first page of "Carcinogenic, teratogenic and mutagenic effects of cadmium" published in "Mutation Research/Reviews in Genetic Toxicology," stating that cadmium "has been known as a toxic agent"; (3) the abstract of "Role of oxidative stress in cadmium toxicity and carcinogenesis" published in "Toxicology and Applied Pharmacology," stating that cadmium "is a toxic metal, targeting the . . . testes . . . and causing . . . tumors after prolonged exposures"; and (4) the abstract from "Current status of cadmium as an environmental health problem" published in "Toxicology and Applied Pharmacology," stating that cadmium is a "toxic metal occurring in the environment naturally and as a pollutant emanating from industrial and agricultural sources" for which "recent data also suggest increased cancer risks . . . in environmentally exposed populations."

*Standard of Review*

"When a party moves for a traditional summary judgment under rule 166a(c) and a no-evidence motion for summary judgment under rule 166a(i), we first review the trial court's judgment under the standards of rule 166a(i)." *Green v. McKay*, 376 S.W.3d 891, 898–99 (Tex. App.—Dallas 2012, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

"We review a trial court's decision to grant summary judgment de novo." *Hernandez v. Sun Crane & Hoist, Inc.*, 600 S.W.3d 485, 493 (Tex. App.—Dallas 2020, no pet.) (citing *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 278 (Tex. 2018)). "A defendant is entitled to summary judgment on a plaintiff's claim if it conclusively negates at least one element of the cause of action." *Id.* (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002)). "A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof at trial." *Id.* (citing TEX. R. CIV. P. 166a(i)). "The burden then shifts to the nonmovant to raise a fact issue on the challenged elements." *Id.*

"We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict." *Id.* (citing TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied)). "A no-evidence motion for summary judgment is improperly granted if the nonmovant presented more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged elements." *Id.* (citing *Ridgway*, 135 S.W.3d at 600). "More than a scintilla of evidence exists if the evidence 'rises to a

level that would enable reasonable, fair-minded persons to differ in their conclusions.'" *Id.* (quoting *Ridgway*, 135 S.W.3d at 601). "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence." *Id.* (quoting *Ridgway*, 135 S.W.3d at 601).

"In reviewing a summary judgment of either type, we consider the evidence 'in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion.'" *Id.* (quoting *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006)). "Where, as here, the trial court's order granting summary judgment does not specify the grounds relied on, we must affirm if any of the summary judgment grounds are meritorious." *Id.* (citing *Cunningham v. Tarski*, 365 S.W.3d 179, 186 (Tex. App.—Dallas 2012, pet. denied)).

*The No-Evidence Summary Judgment Was Proper*

"[T]oxic tort cases require proof of both 'general' and 'specific' causation." *Plunkett v. Connecticut Gen. Life Ins. Co.*, 285 S.W.3d 106, 120 (Tex. App.—Dallas 2009, pet. denied) (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997); *Mobil Oil Corp. v. Bailey*, 187 S.W.3d 265, 270 (Tex. App.—Beaumont 2006, pet. denied); *Frias v. Atl. Richfield Co.*, 104 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 601–02 n.19 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)). "General causation addresses whether a substance is 'capable of causing a particular injury or condition in the general population,' while specific causation addresses whether a substance 'caused a particular individual's injury.'" *Id.* at 120–21 (quoting *Havner*,

5

953 S.W.2d at 714); *Neal v. Dow Agrosciences L.L.C.*, 74 S.W.3d 468, 472 (Tex. App.—Dallas 2002, no pet.) (citing *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 244 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("With regard to whether a plaintiff's injury was caused by exposure to a particular substance, a resident generally must prove both that the substance is capable of causing a particular injury or condition and that the substance in fact caused the plaintiff's injury.")). "*Havner* also requires the plaintiff to present some evidence excluding other plausible causes of the injury with reasonable certainty." *Chase v. Packing*, No. 05-16-00620-CV, 2017 WL 2774449, at *1 (Tex. App.—Dallas June 27, 2017, no pet.) (mem. op.) (citing *Havner*, 953 S.W.2d at 720). As a result, "[e]xpert testimony is particularly necessary in toxic-tort and chemical-exposure cases, in which medically complex diseases and causal ambiguities compound the need for expert testimony." *Starr v. A.J. Struss & Co.*, No. 01-14-00702-CV, 2015 WL 4139028, at *6–7 (Tex. App.—Houston [1st Dist.] July 9, 2015, no pet.) (mem. op.) (citing *Anderson*, 87 S.W.3d at 602–04; *Brookshire Bros., Inc. v. Smith*, 176 S.W.3d 30, 36–38 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding expert testimony required to show causation of reactive airway dysfunction syndrome)).

Chandra did not introduce any expert testimony, and the trial court struck his affidavit and the portions of articles that he attached as summary judgment evidence.[4] "Under a

---

[4]In any event, "[t]o raise a fact issue on causation and thus to survive legal sufficiency review, a claimant must do more than simply introduce into evidence epidemiological studies that show a substantially elevated risk." *Daniels v. Lyondell-Citgo Ref. Co.*, 99 S.W.3d 722, 728 (Tex. App.—Houston [1st Dist.] 2003, no pet.). As discussed by *Daniels*,

A claimant must show that he or she is similar to those in the studies. This would include proof that (1) the injured person was exposed to the same substance, (2) the exposure or dose levels were comparable to or greater than those in the studies, (3) the exposure occurred before the onset of

6

summary-judgment review, we may not consider struck portions of the record because such evidence is not a part of the summary-judgment record." *Sauls v. Munir Bata, LLC*, No. 02-14-00208-CV, 2015 WL 3905671, at *5 (Tex. App.—Fort Worth June 11, 2015, no pet.) (mem. op.) (citing *Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 898 n.2 (Tex. App.—Austin 2010, no pet.); *Esty v. Beal Bank, S.S.B.*, 298 S.W.3d 280, 294 (Tex. App.—Dallas 2009, no pet.)); *see Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 347 (Tex. App.—Dallas 2013, no pet.). "[W]here evidence has been held to be inadmissible and that holding has not been challenged on appeal, this [C]ourt cannot consider the excluded evidence." *Beavers v. Aluminium Co. Of Am.*, No. 13-08-00214-CV, 2010 WL 881734, at *2 (Tex. App.—Corpus Christi Mar. 11, 2010, no pet.) (mem. op.) (quoting *Taylor-Made Hose v. Wilkerson*, 21 S.W.3d 484, 493 (Tex. App.—San Antonio 2000, pet. denied) (en banc) (op. on reh'g) (quoting *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Fort Worth 1999, writ denied) (citing *Inglish v. Prudential Ins. Co.*, 928 S.W.2d 702, 706 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (op. on reh'g); *Rhodes v. Interfirst Bank Fort Worth, N.A.*, 719 S.W.2d 263, 265 (Tex. App.—Fort Worth 1986, no writ); *Talbott v. Hogg*, 298 S.W.2d 883, 889 (Tex. App.—Amarillo 1957, writ dism'd)). "Where excluded evidence is not the subject of a point of error, 'plaintiffs have waived any right to complain about the exclusion.'" *Id.* (quoting *Rhode*s, 719 S.W.2d at 265 (quoting *Talbott*, 298 S.W.2d at 889)).

---

injury, (4) the timing of the onset of injury was consistent with that experienced by those in the study, and (5) if there are other plausible causes of the injury or condition that could be negated, the plaintiff must offer evidence excluding those causes with reasonable certainty. *Havner*, 953 S.W.2d at 720.

*Id.*

7

Because Chandra does not argue that the trial court erred by striking the attachments to his summary judgment motion, he has "waived any right to complain about the exclusion," and we cannot consider the struck attachments as summary judgment evidence. *Id.* Without the stricken attachments, Chandra had no summary judgment evidence and failed to produce more than a scintilla of evidence establishing that his damages were caused by a toxic tort by DRS.[5] *See id.* Consequently, the trial court's summary judgment was proper.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 2, 2020
Date Decided:      November 24, 2020

---

[5]Although Chandra's pro se petition couched his toxic tort claim in terms of negligence, gross negligence, premises liability, and product liability, the gravamen of each complaint was that exposure to toxic chemicals caused Chandra's colon and prostate cancers and other resulting damages including medical bills and pain and suffering.